UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA – PALM BEACH

MARSHA G. RIVERNIDER,
ROBERT H. RIVERNIDER, and
CHARLES EDWARD LINCOLN, III

CASE 09-81255-CIV
HON. DIMITROULEAS

    Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE C-BASS MORTGAGE
LOAN ASSET-BACKED CERTIFICATES,
SERIES 2006-CB8, and all JOHN & JANE
DOES 1-10,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-CB8, (hereinafter "U.S. BANK") by and through the undersigned counsel, files this motion to dismiss Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), and says:

1. The Complaint fails to state a claim against U.S. BANK upon which relief could be granted.

2. The claims by Plaintiffs RIVERNIDER against Defendant U.S. Bank are barred by Res Judicata and collateral estoppel.

3. Plaintiff LINCOLN has no standing to challenge the Note and Mortgage between U.S. Bank and the Riverniders.

4.      As such, Defendant is in need of an Order Dismissing this Complaint in its entirety, or in the alternative, a Dismissal as to Defendant, U.S. BANK pursuant to Federal Rule 12(b)(6).

WHEREFORE, Defendant, U.S. BANK, respectfully requests this Court enter and Order of Dismissal of the Complaint with Prejudice or a Dismissal as to Defendant, U.S. BANK.

## MEMORANDUM OF LAW
## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant U.S. BANK seeks to have this Complaint dismissed for failure to state a claim upon which a relief can be granted.

**I.      STATEMENT OF FACTS**

This matter arises out of a Note and Mortgage executed by Plaintiff, MARSHA RIVERNIDER and Plaintiff ROBERT RIVERNIDER (as to the Mortgage only), on April 24, 2006 in the amount of $729,000. The Mortgage was recorded in the Official Records Book 20296, Page 1660 of Palm Beach County, Florida. Subsequently in 2006, the note and mortgage were assigned to Defendant U.S. Bank. Marsha Rivernider defaulted under the terms of the Note and Mortgage by failing to make the monthly installment, which came due on May 1, 2008. As a result, Defendant U.S. Bank commenced foreclosure proceedings against Plaintiffs RIVERNIDER in the State of Florida Circuit Court for Palm Beach County. Summary Final Judgment of Foreclosure was granted in the Circuit Court for Palm Beach County, on August 3, 2009. The Circuit Court retained jurisdiction for the purpose of making any further orders in the foreclosure matter. (**Exhibit A**) The Court set the foreclosure sale for August 31, 2009.

In the Circuit Court case, the RIVERNIDER's filed an Emergency Motion to Set Aside Default and Vacate Summary Judgment and to Stay or Suspend Order of Sale. The Motion was

heard and denied by Hon. Jack Schramm Cox of Palm Beach Circuit Court, on August 31, 2009 (**Exhibit B**).

In light of that denial, Plaintiffs' filed a Petition for Bankruptcy, which forced the cancellation of the foreclosure sale and stayed the Circuit Court matter under the Bankruptcy code. (**Exhibit C**). However, on September 11, 2009, the Bankruptcy Petition was dismissed *with prejudice* for non-compliance by Petitioner RIVERNIDER. (**Exhibit D**). The underlying Circuit Court case is no longer stayed and U.S Bank can proceed to foreclosure sale on the subject property.

The instant Complaint is Plaintiffs' third (3) judicial forum to obstruct U.S. Bank's efforts to obtain foreclosure relief as a result of Plaintiff MARSHA RIVERNIDER's failure to make mortgage payments for nearly a year and a half (1½ years).

In an additional attempt to stall enforcement of the Foreclosure Judgment, Plaintiffs RIVERNIDER fraudulently transferred the property via Warranty Deed into the name of a third-party (Plaintiff LINCOLN) (**Exhibit E**). That fraudulent Warranty Deed was made nearly a month after Judgment of Foreclosure was entered and several weeks after the Notice of Foreclosure Sale was published. (**Exhibit F**). That post judgment transfer is a fraudulent attempt to avoid Defendant's res judicata argument by creating a Plaintiff that DID NOT EXIST and HAD NO INTEREST in the property when Defendant U.S. Bank was granted Summary Judgment to foreclosure and sell the subject property.

## II.   ARGUMENT

The Complaint in this matter should be dismiss on 3 grounds: (1) the Complaint fails to state a claim against U.S. Bank upon which relief could be granted, (2) the claims raised by

Plaintiffs RIVERNIDER against Defendant U.S. Bank are barred by Res Judicata and collateral estoppel, and (3) Plaintiff LINCOLN has no standing to challenge the Note and Mortgage between U.S. Bank and the Riverniders.

### (A) FAILURE TO STATE A CLAIM AGAINST U.S. BANK

Plaintiff's Complaint challenges the Florida legal system in its ability to render decisions in foreclosure matters. In support, Plaintiffs allege "collusion of the Florida Courts" which contributed to the "destr[uction of] the US economy." Plaintiffs seek declaratory Judgment proclaiming endorsements on Notes actually violate Florida law and challenges the entire securitization process of negotiable instruments across the country. Further, Plaintiffs allege "that Florida law...empowered Judges to exceed their jurisdiction so as to violate the civil rights of property owners in foreclosure disputes." The Complaint is essentially a demand that this Federal Court review the precedential decisions of the Florida State Court system in foreclosure matters as Plaintiffs claim Florida State Courts are "utterly incapable of policing themselves."

Quite clearly, Defendant, U.S. Bank is not the proper party against whom these alleged court system defects should be brought. Plaintiffs' challenges to the Florida legal system are improperly applied to Defendant U.S. BANK as there are no facts, case law or statute raised in the Complaint regarding any conduct of U.S. BANK. The claims raised are actually asserted against the State of Florida.

As such, there is no ruling that this Court can issue against U.S. BANK that would provide any relief to Plaintiffs claims of a defective state judicial system. Therefore, these allegations fail to state a claim against U.S Bank upon which relief could be granted and this Complaint should be dismissed under the Federal Rules of Civil Procedure 12(b)(6).

(B)     RES JUDICATA/COLLATERAL ESTOPPEL

To the extent Plaintiffs MARSHA and ROBERT RIVERNIDER's claims are intended to seek the Federal Court's judicial determination regarding U.S Bank's standing to pursue the State Court Foreclosure action, those claims are barred by res judicata and collateral estoppel.

Res Judicata is claim preclusion, which prevents a party from raising any claims arising out of an event that was already subject to a previous cause of action. Under *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94(1980), citing *Cromwell v. County of Sac,* 94 U.S. 351 (1876). In this matter, final judgment was issued on the merits in Palm Beach Circuit Court case #50 2008 CA 026061 AW, between U.S. Bank and Marsha and Robert Rivernider. Final Judgment was issued on the contract dispute arising out of the Mortgage recorded in the Official Records Book 20296, Page 1660 of Palm Beach County, Florida on property described as:

> **Lot 1363, Block E, of OLYMPIA-PLAT II, according to the Plat thereof as recorded in Plat Book 98, Page 1, of the Public Records of Palm Beach, County Florida.**

The instant Complaint arises out of the same contractual dispute on the same property between the same parties to which Judgment was entered after full and fair opportunity to be heard. (See service of process in Circuit Court matter, **Exhibit G**).

Further, Res Judicata applies to claims where there has been a final judgment, which is no longer subject to appeal. The last Amended Judgment in this matter was granted on August 3, 2009 (Exhibit A). Pursuant to the Florida Rules of Appellate Procedure 9.110b, the time period for commencement of appeal is 30 days from the Judgment sought to be appealed. Plaintiffs did not file an appeal within 30 days of August 3, 2009. Under the Rules of Appellate Procedure, the

appeal, this matter is barred by Res Judicata. As such, the Complaint by MARSHA RIVERNIDER and ROBERT RIVERNIDER against U.S. Bank should be dismissed.

Collateral Estoppel is issue preclusion that prevents a party from raising facts and/or law that has already been determined by a Judge. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90 at 94 (1980), citing *Montana v. United States,* 440 U.S. 147 (1979). The *Allen* Court and other courts have often recognized, "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* at 153-154. Plaintiffs in this matter are attempting to use this Court as a new forum to challenge U.S. Bank's standing to maintain the foreclosure action in the Palm Beach Circuit Court matter (case #50 2008 CA 026061 AW). However, U.S. Bank's standing to bring that matter was already decided by the Palm Beach Circuit Court pursuant to the laws of the State of Florida.

Further, Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so: "[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . . ." 28 U.S.C. § 1738 as cited by *Allen v. McCurry*, 449 U.S. 90 at 96 (1980).

Pursuant to the U.S. Supreme Court findings in *Allen* and pursuant to the Full Faith and Credit Clause of the U.S. Constitution, this Complaint is barred by res judicata and collateral estoppel. As such, the Complaint should be dismissed with prejudice as to Defendant U.S. Bank.

B&H # 264251.001

**(C)   LACK OF STANDING**

Under no circumstances does Plaintiff LINCOLN have standing to challenge the Florida State Court judicial system regarding the enforcement of the Note and Mortgage between Plaintiffs RIVERNIDER and Defendant U.S. BANK or its assignors.

Plaintiff MARSHA RIVERNIDER deeded this property to Plaintiff LINCOLN nearly a month AFTER Judgment of foreclosure was granted in Defendant U.S. BANK's favor **(and 3 days before this Federal Court Complaint was filed)**. Plaintiff MARSHA RIVERNIDER's Warranty Deed to Plaintiff LINCOLN dated August 25, 2009 is a fraudulent transfer and does not give Plaintiff LINCOLN standing to assert any claims in this matter as he was not in privity of contract or an eligible beneficiary under the contract.

To maintain a cause of action arising out of a contract dispute, one must have privity of contract. *Sumitomo Corp. of Amer. v. M/V St. Venture*, 683 F.Supp. 1361 (M.D. Fla. 1998), citing *Black's Law Dictionary* (1957). The doctrine of privity in contract law provides that a contract cannot confer rights or impose obligations arising under it on any person or agent except the parties to it. *MacPherson v. Buick Motor Co.*, 217 N.Y. 382 (1916). The premise is that only parties to contracts should be able to sue to enforce their rights or claim damages as such.

The claims in this matter as asserted against Defendant, U.S. BANK arise out of the contract between the Riverniders and U.S. Bank's assignors. Essentially, for Plaintiff LINCOLN to maintain this cause of action against Defendant (which arises out of the Note and Mortgage recorded in the Official Records Book 20296, Page 1660 of Palm Beach County, Florida), LINCOLN must be a party to the contract. However, there is no contractual relationship between Plaintiff LINCOLN and Defendant U.S. Bank or its assignors in this matter and there is no benefit of the Note and mortgage that can be transferred to LINCOLN as a third-party.

recorded in the Official Records Book 20296, Page 1660 of Palm Beach County, Florida), LINCOLN must be a party to the contract. However, there is no contractual relationship between Plaintiff LINCOLN and Defendant U.S. Bank or its assignors in this matter and there is no benefit of the Note and mortgage that can be transferred to LINCOLN as a third-party.

To whatever extent Plaintiff RIVERNIDER Deeded her interest in the property to Plaintiff LINCOLN, that unauthorized transfer did not create any rights or obligations under the Note and Mortgage owned by Defendant U.S Bank that would give rise to any claims LINCOLN could assert against U.S.BANK. There is quite plainly, no dispute between the parties.

Because there is no privity between the parties and no transferable benefit, Plaintiff LINCOLN lacks standing to bring this cause of action against U.S. BANK and Plaintiff LINCOLN has failed to state a claim upon which relief could be granted.

Standing to challenge the Florida Judicial System or the subject Note/Mortgage also cannot be conferred upon Plaintiff LINCLON as a bona fide purchaser because LINCOLN does not qualify as a bona fide purchaser and is not eligible for any protections thereunder.

To be a bona fide purchaser, the purchaser must have acquired the legal title to the property by paying value without knowledge of the equity against the property at the time when consideration was paid and title acquired. *DGG Development Corp., v. Estate of Capponi*, 983 So.2d 1232, 1234 (Fla.App. 5 Dist. 2008) citing *Demosthenes v. Girard,* 995 So.2d 1189, 1192 (Fla.3d DCA 2007). Further, a purchaser is not entitled to protection as a bona fide purchaser when he or she takes property with notice of an outstanding interest in the property. Successors in title take title subject to those interests of which they have notice. *DGG Development Corp., v. Estate of Capponi*, 983 So.2d 1232, 1234 (Fla.App. 5 Dist. 2008) citing *Kroitzsch v. Steele,* 768 So.2d 514, 517 (Fla. 2d DCA 2000).

The record chain of title is constructive notice to subsequent purchasers of the existence of other parties' interests as well as any other fact concerning the instrument that would have been ascertained from the record if it had been examined and if inquiries suggested by it had been prosecuted. 38 Fla. Jur.2d *Notice and Notices* § 21 (2008). In *DGG*, because the purchasers had at least constructive notice of the defective deed, they are not entitled to the protections afforded bona fide purchasers. *DGG Development Corp., v. Estate of Capponi*, 983 So.2d 1232, 1235 (Fla.App. 5 Dist. 2008). Similarly, the record chain of title in this matter showed an unsatisfied Mortgage on the property and that a Lis Pendens was filed by U.S. Bank well before the RIVERNIDER's Warranty Deed was executed in favor of Plaintiff LINCOLN (**Exhibit H**).

To be clearer, the Warranty Deed to LINCOLN was actually executed *three years after* the recording of U.S Bank's unsatisfied mortgage, *nearly a year after* the Lis Pendens was recorded, and *nearly a month after* Notice of Foreclosure Sale was posted. Plaintiff LINCOLN clearly had knowledge of U.S. Bank's interest in the property. As such, Plaintiff LINCOLN did not take an interest in the subject property "without notice" of U.S. Bank's interests. Therefore, Plaintiff LINCOLN is not a bona fide purchaser.

Further, Plaintiff LINCOLN did not take an interest in the property "for value." Florida Court's have held, that "while the recitation of a consideration does raise a presumption of the payment of a valuable consideration, it is open to parol proof whether or not and to what extent there has been actual receipt of the purported consideration." *Dunn v Stack*, 418 S.2d 345, 349 (Fla.App. 1 Dist. 1982), citing *J. C. Vereen & Sons, Inc. v. City of Miami*, 397 So.2d 979, 982-983 (Fla. 3d DCA 1981). Further, "when the question of consideration becomes material ... the mere recital of consideration in a deed or lease is insufficient to show that the subject property was purchased for value." *Id.* at 349, citing *J. C. Vereen & Sons*, at 982-983. Where the payment

of valuable consideration become a material question, it must be affirmatively proved by the party relying on it, and such payment cannot be proved by the mere recital of it in a deed. *Id.* at 349, citing *Ellis v. Everett*, 79 Fla. 493, 503 (1920).

There is no evidence before this court evidencing any consideration paid by Plaintiff LINCOLN for the subject property. According to the Warranty Deed, the transfer was made in consideration of $10.00. Under Florida law, that recitation is insufficient to demonstrate valuable consideration for determination of bona fide purchaser status. Further, it should not go unnoticed that the nominal amount recited in the Deed was below market value of the subject $729,000 property, and that the transfer was made after Judgment was entered on the property and 3 days before filing this Complaint.

Because Plaintiff LINCOLN did not take an interest in the property for value and without notice, he does not qualify for standing as a bona fide purchaser.

WHEREFORE Defendant respectfully requests this court enter an Order dismissing the Complaint with prejudice.

_____
BETH A. NORROW, Esquire
BUTLER & HOSCH, P.A.
3185 South Conway Road, Suite E
Orlando, Florida 32812
Telephone: (407) 381-5200
Fax: (407) 381-5577
Florida Bar No: 0061497

B&H # 264251.001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was furnished by U.S. Mail this 24th day of September, 2009, to:

Marsha G. Rivernider
9246 Delemar Court
Wellington, FL 33414

Robert H. Rivernider
9246 Delemar Court
Wellington, FL 33414

Charles Edward Lincoln, III
603 Elmwood Place, Suite 6
Austin, TX 78705

Beth A. Norrow, Esquire
BUTLER & HOSCH, P.A.
3185 South Conway Road, Suite E
Orlando, Florida 32812
Telephone: (407) 381-5200
Fax: (407) 381-5577
Florida Bar No: 0061497