UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81255-CIV-DIMITROULEAS

MARSHA G. RIVERNIDER;
ROBERT H. RIVERNIDER; and
CHARLES EDWARD LINCOLN, III,

       Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the C-Bass Mortgage Loan Asset-Backed
Certificates, Series 2006-CBS, and all JOHN & JANE
DOES 1-10,

       Defendants.
_____/

## ORDER DENYING APPLICATION FOR
## TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court upon Plaintiffs' Application for Temporary Restraining

Order & Memorandum of Points and Authorities in Support [DE-2] (which this Court construes

as a motion for a TRO and preliminary injunction), filed herein on August 31, 2009.  The Court

has carefully considered the Motion, the Defendant's Response in Opposition to Plaintiffs'

Application for Temporary Restraining Order [DE-6], and noting that no reply was filed, and

being otherwise fully advised in the premises, makes the following observations.

### I.  BACKGROUND

The facts surrounding the instant Motion relate to a note and mortgage in the amount of

$729,000.00 executed by Plaintiffs, Marsha Rivernider and Robert Rivernider (the

"Riverniders") as to real estate located at 9426 Delmar Court, Wellington, Florida 33414.

1

Plaintiffs allegations are not entirely clear, but it appears that the Riverniders defaulted under the terms of the note and mortgage thereby necessitating foreclosure proceedings by Defendant. Summary Final Judgement of Foreclosure was granted in the Circuit Court for Palm Beach County on August 3, 2009 in favor of Defendant and a foreclosure sale on the property was set for August 31, 2009.  Nevertheless, on August 25, 2009, Plaintiff Marsha Rivernider executed a warranty deed on the subject property in consideration for $10.00 to Plaintiff Charles Edward Lincoln.

Plaintiffs then proceeded to file a series of motions and actions, apparently in order to prevent the foreclosure sale from occurring.  First, Plaintiffs filed an Emergency Motion to Set Aside Default and Vacate Summary Judgment and to Stay or Suspend Order of Sale in the Circuit Court.  That motion was denied on August 31, 2009.  Second, Plaintiffs filed a Petition for Bankruptcy on August 31, 2009.  That Petition was dismissed on September 11, 2009.  Third, on August 31, 2009, Plaintiffs filed a Complaint for Quiet Title asserting seven causes of action arising out of the note and mortgage and subsequent attempt to foreclose on the note and mortgage.  Finally, also on August 31, 2009, Plaintiffs filed the instant Motion, requesting that the Court: (1) enter a temporary restraining order postponing the sale of the property; (2) enter a preliminary injunction allowing the Rivernider family to stay on the property pending trial or until further order of the Court; (3) enter a temporary restraining order forbidding Defendant from taking steps to sell the property or interfere with the Rivernider's possession; and (4) enter a preliminary injunction forbidding Defendant from taking steps to sell the property or interfere with the Rivernider's possession pending trial and judgment on the complaint.

2

Finding that the Plaintiffs had not set forth specific facts clearly showing that immediate and irreparable injury, loss or damage would result before the adverse party could be heard in opposition, this Court issued an Order Requiring Response from Defendant [DE-5].  Importantly, the foreclosure sale never took place on August 31, 2009 due to Plaintiffs filing the Petition for Bankruptcy.

## II.  DISCUSSION

Plaintiff is seeking both a temporary restraining order and a preliminary injunction.  To establish entitlement to the requested relief, Plaintiffs must show (1) a substantial likelihood of success on the merits, (2) an irreparable injury in the absence of the injunction, (3) a threatened injury that exceeds any injury to the defendant caused by the injunction, and (4) the absence of a material adverse consequence to the public. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir.2003)**.**  The general purpose of an injunction "is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo* , 403 F.3d 1223, 1231 (11th Cir. 2005).  Injunctive relief represents "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *ACLU v. Miami-Dade County*, 557 F.3d 1177, 1198 (11th Cir. 2009) (internal citations omitted).  In other words, injunctive relief is never granted as of right but rather upon a clear showing of entitlement. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376-77 (2008).

The Eleventh Circuit has stressed that "[a] showing of irreparable injury is the sine qua non of injunctive relief" and that "the absence of a substantial likelihood of irreparable injury

would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore,* 234 F. 3d 1163, 1176 (11th Cir. 2000).  Plaintiffs base their claim of a substantial likelihood of irreparable injury on the purported August 31, 2009 foreclosure sale, requesting that the Court postpone the sale and allow the Riverniders to stay on the property.  However, the foreclosure sale date has passed and no sale has taken place.  Moreover, Plaintiffs have not presented any evidence that a new sale date has been set or that a foreclosure sale is impending.  Consequently, Plaintiffs are unable to demonstrate the presence of immediate, irreparable harm to warrant the Court's issuance of injunctive relief.  *See Muhammad v. HSBC Bank USA, N.A.,* Case No. 09-53-KD-C, 2009 WL 256275, at *1 (S.D. Ala. Feb. 3, 2009).  Therefore, Plaintiffs do not state a prima facie case for injunctive relief.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Application for Temporary Restraining Order & Memorandum of Points and Authorities in Support [DE-2] is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of September, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Marsha G. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Robert H. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Charles Edward Lincoln, *pro se*
603 Elmwood Place, Suite 6
Austin, TX 78705

U.S. Bank National Association
c/o Lauren Ann Cascino, Esq.
Butler & Hosch, P.A.
3185 South Conway Road, Suite E
Orlando, FL 32812