UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81255-CIV-DIMITROULEAS

MARSHA G. RIVERNIDER;
ROBERT H. RIVERNIDER; and
CHARLES EDWARD LINCOLN, III,

    Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the C-Bass Mortgage Loan Asset-Backed
Certificates, Series 2006-CBS, and all JOHN & JANE
DOES 1-10,

    Defendants.
_____/

**ORDER**

    THIS CAUSE is before the Court upon Plaintiffs' First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009, to Respond to Motion to Dismiss [DE-16], filed herein on October 30, 2009.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

    On October 22, 2009, Plaintiffs improperly filed a Motion to Substitute Counsel for Pro Se Litigants and Motion for Additional Time to Respond to Motion to Dismiss [DE-13] that failed to comply with the requirements of S.D. Fla. L.R. 7.1.A.3 regarding a pre-filing conference of counsel.  Said Motion also failed to comply with the requirements of Rules 2 and 4 of the Special Rules Governing the Admission and Practice of Attorneys in the United States District Court for the Southern District of Florida as Plaintiffs' counsel, Dr. Orly Taitz, is not admitted to practice before this Court.  The Court denied the Motion without prejudice to be re-filed on or

before October 30, 2009, for failure to comply with the requirements of S.D. Fla. L.R. 7.1.A.3. [DE-14].

Thereafter, Plaintiffs filed the instant First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009, to Respond to Motion to Dismiss [DE-16]. However, the instant Motion, like Plaintiffs' previous Motion, fails to comply with the requirements of the Local Rules and the Special Rules Governing the Admission and Practice of Attorneys in the United States District Court for the Southern District of Florida. Local Rule 7.1.A.3 provides that

> counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the time of filing the motion, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so.

As evidenced by Exhibit A to Plaintiffs' Motion [DE-16, Ex. A] and the Affidavit of Beth A. Norrow [DE-15], Plaintiffs have failed to confer with opposing counsel in regard to the "issues to be raised in the motion." Indeed, counsel for Plaintiffs admits that the purported conference was "ambiguous" at best and Plaintiffs did not confer with opposing counsel regarding an extension of time to file a response to the Motion to Dismiss. Moreover, Plaintiffs have failed to comply with Rules 2 and 4 of the Special Rules Governing the Admission and Practice of Attorneys. Despite that this is counsel for Plaintiffs' second attempt to file a motion in the United States District Court for the Southern District of Florida, Dr. Orly Taitz has made no attempt to file a

verified petition for admission pursuant to Rule 2 of the Special Rules Governing the Admission and Practice of Attorneys. Instead, Plaintiffs' counsel proceeded to improperly file motions without being admitted to practice in this district and without obtaining local counsel.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009, to Respond to Motion to Dismiss [DE-16] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of November, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Marsha G. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Robert H. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Charles Edward Lincoln, *pro se*
603 Elmwood Place, Suite 6
Austin, TX 78705

U.S. Bank National Association
c/o Lauren Ann Cascino, Esq.
Butler & Hosch, P.A.
3185 South Conway Road, Suite E
Orlando, FL 32812

Dr. Orly Taitz, Esq.
Orly Taitz Law Offices
29839 Santa Margarita Parkway
Rancho Santa Margarita, CA 92688