**Marsha G. Rivernider**
**Robert H. Rivernider**
**9426 Delmar Court**
**Wellington, Florida 33414**
**And Charles Edward Lincoln, III**
**c/o Peyton Yates Freiman**
**603 Elmwood Place, Suite #6**
**Austin, Texas 78705**
**Or c/o Kathy Ann Garcia-Lawson**
**2620 Nature's Way**
**Palm Beach Gardens, Florida 33410**
**Telephone: 512-968-2500/512-923-1889**
**Facsimile: 561-691-1423**
Plaintiffs *in propia persona, pro se*



FILED by _____ D.C.

NOV 16 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA---PALM BEACH

| | |
|---|---|
| MARSHA G. RIVERNIDER, §<br>ROBERT H. RIVERNIDER, §<br>CHARLES EDWARD LINCOLN, III, §<br>    Plaintiffs, §<br>       §<br>v.                §<br>       §<br>U.S. BANK NATIONAL ASSOCIATION, §<br>AS TRUSTEE FOR THE C-BASS §<br>MORTGAGE LOAN ASSET-BACKED §<br>CERTIFICATES, SERIES 2006-CBS, §<br>And all JOHN & JANE DOES 1-50 §<br>    Defendants. §<br>       § | Case No. 09-91255-CIV<br>HON. W.P. DIMITROULEAS<br><br>**PLAINTIFFS' NOTICE OF FILING**<br>**AFFIDAVITS IN RESPONSE TO**<br>**JUDGE DIMITROULEAS' THIRD**<br>**ORDER TO SHOW CAUSE FILED**<br>**NOVEMBER 13, 2009** |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

### PLAINTIFFS' NOTICE OF FILING AFFIDAVITS IN RESPONSE TO 3rd OSC

      Plaintiffs believe that their November 13, 2009, Response to this Court's Second Order

to Show Cause sufficiently supports their Complaint that this Court should not dismiss it.

Plaintiffs had also responded in brief to the scurrilous accusations of Dr. Orly Taitz, Esquire,

submitted by letter informally to the Court. Plaintiffs had indeed served their November 12,

2009, response on Dr. Orly Taitz, Esquire, in any event (both directly and by and through her

---

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.*
*U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 1
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to*
*Rule 56 MSJ*

attorney Jonathan H. Levy, with whom Charles Edward Lincoln had attempted to consult and reach some sort of resolution prior to filing anything).

Basically, Plaintiffs deny unequivocally that they have submitted any fraudulent documents or submitted any documents which they had any reason to believe might have been fraudulent nor in any way falsified to this Court, including the documents referred to by Dr. Taitz. If this Court is inclined to believe that the "water has been sullied" by Dr. Taitz' accusations to the point that this Court can no longer look dispassionately and objectively at the Plaintiffs' challenge to US Bank's mortgage fraud in this case because of the tawdry state of affairs between one of the Plaintiffs and the Plaintiffs' "attempted attorney" , then Plaintiffs move and request that this Court recuse itself rather than enter any further orders rulings in this case at all. Plaintiffs do not wish to endorse or condone the interjection of facts concerning marital infidelity or romantic vengeance as relevant factors in the evaluation of mortgage fraud or the validity of commercial paper assignments or of the assignment of civil causes of action, but they know of no other means of effectively explaining Dr. Taitz' bizarre behavior.

WHEREFORE, Plaintiffs incorporate by reference, and restate as if fully attached and recopied herein below, all of the allegations contained in their Complaint, Application for Temporary Restraining Order, and their November 12, 2009, Response to the Defendants' Motion to Dismiss and the Court's Second Order to Show Cause, but in addition, Plaintiffs' attach the Following Affidavits in Response to this Court's Third Order to Show Cause entered within a single month:

(1)    Affidavit of Plaintiff Charles Edward Lincoln, III.

(2)    Affidavit of Psychologist Dr. Kathy Ann Garcia-Lawson, Ph.D.

(3)    Affidavit of Plaintiff Marsha G. Rivernider.

(4)    Affidavit of Plaintiff Robert H. Rivernider.

## PRAYER FOR RELIEF

Plaintiffs MARSHA G. RIVERNIDER, ROBERT H. RIVERNIDER, and CHARLES EDWARD LINCOLN, III, pray that the Court accept these affidavits as a full and sufficient Response to its Third Order to Show Cause entered on Friday, November 13, 2009, and that the Court will deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), Order the Defendant U.S. Bank to file an answer within 10 days, initiate discovery, and to set a scheduling order and final date for trial. Plaintiffs also pray that the Court will allow them to file their First Amended Complaint on or before December 15, 2009, and that Defendants also be compelled to answer said amended complaint also.

Plaintiffs further pray that upon final trial-by-jury, that Court will enter judgment for Plaintiffs against all defendants for the relief requested above, including but not limited to declaratory judgment regarding the rights and status of each party in relation to the property at 9246 Delemar Court, Wellington, Florida 33414, and the interests assigned to Plaintiff in such property and the notes, transactions, and occurrences relating to the same.

Plaintiffs pledge that they will never mention Dr. Orly Taitz in this litigation again if the Courts will allow them to proceed.

Respectfully submitted,

Monday, November 16, 2009 By: _____

Robert H. Rivernider, Plaintiff, *in propia persona*
9246 Delemar Court, Wellington FL 33414
**Telephone: (561) 315-2487**

And By: _____
MARSHA G. RIVERNIDER, Plaintiff, *pro se*
9246 Delemar Court, Wellington, FL 33414

And By: _____
Charles Edward Lincoln, III

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.*
*U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 3
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to*
*Rule 56 MSJ*

c/o Peyton Yates Freiman
Tierra Limpia/Deo Vindice
603 Elmwood Place, Suite #6
Austin, Texas 78705

Telephone: (512) 968-2500; (512) 923-1889
E-Mail: charles.lincoln@rocketmail.com
Facsimile:  561-691-1423


### CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE-AND-FOREGOING PLAINTIFF'S RESPONSE THE COURT'S THIRD ORDER TO SHOW CAUSE filed Monday, November 16, 2009, was served by facsimile transmission and First Class Mail, postage prepaid, on the attorney of record for Defendant U.S. Bank, namely:

BETH A. NORROW, Esquire
Butler & Hosch, P.A.
3185 South Conway Road, Suite E
Orlando, Florida 32812
Facsimile: (407) 381=5577
And on
Dr.Orly Taitz
29839 Santa Margarita Pkwy ste 100
Rancho Santa Margarita Ca 92688
ph. 949-683-5411
fax 949-766-7603


By: _____

Robert H. Rivernider, Plaintiff, *in propia persona*
9246 Delemar Court, Wellington FL 33414
Telephone: (561) 315-2487


*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.*
*U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 4
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to*
*Rule 56 MSJ*

# AFFIDAVIT NUMBER 1:
## Charles Edward Lincoln

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.
U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 5
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to
Rule 56 MSJ*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA---PALM BEACH

| | |
|---|---|
| MARSHA G. RIVERNIDER, §<br>ROBERT H. RIVERNIDER, §<br>CHARLES EDWARD LINCOLN, III, §<br>    Plaintiffs, §<br>         §<br>v.         §<br>         §<br>U.S. BANK NATIONAL ASSOCIATION, §<br>AS TRUSTEE FOR THE C-BASS §<br>MORTGAGE LOAN ASSET-BACKED §<br>CERTIFICATES, SERIES 2006-CBS, §<br>And all JOHN & JANE DOES 1-50 §<br>    Defendants. §<br>         § | Case No. 09-91255-CIV<br>HON. W.P. DIMITROULEAS<br><br><br><br>AFFIDAVIT REGARDING<br>ALLEGATIONS OF FRAUD |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

## AFFIDAVIT AND DECLARATION OF CHARLES EDWARD LINCOLN, III

1.  My name is Charles Edward Lincoln, III. I am over the age of 18, of sound mind, and have never been convicted of any crime of moral turpitude within the meaning of *Beltran-Tirado v. INS*, 213 F.3d 1179, 1183 (9th Cir. 2000) and *Quintero-Salazar v. Keisler*, 506 F.3d 688 (9th Cir. 2007); I write this affidavit from personal knowledge.

2.  I have a J.D. from the University of Chicago in addition to a Ph.D. from Harvard University and am a former judicial law clerk to the Honorable Kenneth L. Ryskamp in this United States District Court for the Southern District of Florida, having applied for my clerkship in March 1991 and completed my term in September 1993.

3.  I was later disbarred due to a December 1999 indictment, which I can only call politically motivated and unjust, although I take full responsibility for my own errors. I also apologize to this United States District Court, and in particular to the Honorable Kenneth L. Ryskamp, for the dishonor my misfortunes may have brought to this court, in the past and at the present time, by my failures and indiscretions, especially in light of the honor which Judge Ryskamp bestowed upon me by hiring me as his law clerk.

4.  Dr. Orly Taitz was aware of all details of my background, and in May 2009, hired me to work with her as a consultant and law clerk on a series of cases relating to the

Article II Constitutional eligibility of the current President of the United States, Barack H. Obama. I continued to work with her through November 4, 2009.

5.      I prepared all the documents, which Dr. Taitz signed in this case, as I have been preparing almost all (approximately 95-98%) the documents she has signed in all of her recent cases pending in Federal court in any and every state where she has appeared. I never caused any papers to be filed, in this or any other case, which she had not approved and signed or authorized to be electronically signed or submitted.

6.      I was responsible for delivering all papers in this case to Robert H. Rivernider for filing. I certainly never gave him any documents, which I knew or suspected to be fraudulent in any way, shape or form.

7.      I never knowingly submitted any false documents to this Court nor did I submit any documents I had any imaginable reason to believe were false. I submitted every document signed by Orly Taitz or any other person only in the belief that these were legitimate documents.

8.      Our agreement was a mixture of pay plus exchange of services. Since I am no longer a licensed attorney I have been involved in real estate management and mortgage finance. Dr. Orly Taitz agreed to represent me as legal counsel

9.      What has happened here is that, much to our mutual discomfort I am sure, Orly Taitz and I had an intense but adulterous love affair, which continued until November 4, 2009. I can say nothing in our defense except that I fell in love with Dr. Taitz and she repeated on dozens of occasions that she loved me, but could not leave her husband because she did not want to lose "her children and her life."

10.     I am not proud of these facts, but put together they constitute the simple if unremarkably tawdry background against which Dr. Taitz' behavior and accusations against me/all the Plaintiffs in this case must be judged and evaluated.

11.    Dr. Taitz terminated our relationship in the aftermath of the October 12, 2009, disclosures made by one Lucas Daniel Smith on the internet which in rather grotesquely vulgar and sensationalistic manner revealed my love affair with Dr. Taitz to the world, and not coincidentally, to Orly's husband Yosef Taitz, whom Orly has consistently described to me as viciously controlling, verbally, and emotionally abusive, he is the kind of husband who will not allow his wife to speak freely at the dinner table or in front of her children or guests, and who becomes violently angry if his wife is not at home by sunset on the Sabbath for family/home prayer.

12.    I provided copies of my affidavit to both Dr. Taitz and her attorney Dr. Jonathan H. Levy of Hilton Head, South Carolina and Washington.

13.    Dr. Levy warned me that I could expect "strong and vengeful" action from Dr. Taitz' when I spoke to him last on Thursday, November 12, 2009, although he did not condone such acts, and specifically qualified that he had absolutely nothing to do with Dr. Taitz' prior letter to this Court Noted "Received" at Docket Entry 1 in this case.

14.    I have no other explanation for what Dr. Taitz is doing in this case, but I will give the following opinions:

15.    Dr. Taitz' letters to the court and her Sunday November 15, 2009, communication to me by e-mail (a true and correct copy of which is attached as Exhibit A), are the acts of an extremely unhappy woman who got caught having an adulterous love affair by her husband and the entire world at the moment of maximum political and public exposure in her entire life.

16.    Dr. Kathy Garcia-Lawson's separate affidavit submitted alongside this one addresses the concerns raised in Dr. Taitz' E-mail.

17.    Neither my affair with Dr. Orly Taitz nor anything else which I have done constitutes a fraud on this court, nor any other court, nor any reason for the Court to dismiss my Complaint jointly filed with Robert H. and Marsha G. Rivernider.

18.     It is terribly embarrassing and a professional disgrace when personal lives intrude themselves upon Court Judicial Proceedings.

19.     If this Court feels that the events have in any way colored this Court's perception of the parties or ability to judge the facts of the case between the Plaintiffs and the Defendants impartially, or if the Court feels that it will be prejudiced against the Plaintiffs because of my and Dr. Taitz' love affair, which had NOTHING whatsoever to do with the validity of a mortgage or assignments between US BANK, Robert H. and Marsha G. Rivernider, and Charles Lincoln, this Court should consider recusal rather than dismissing the case.

20.     As undignified, unprofessional, and unseemly as this Plaintiff's exchange with Dr. Taitz may seem, it is merely reflective (at the absolute worst) of this Plaintiff's and Dr. Taitz' emotional immaturity in the handling of their personal lives, and do not reflect on ANY of the other matters raised in Plaintiffs' Response to the Court's Second Order to Show Cause and the Defendant's Motion to Dismiss in any way, shape or form.

        Further affiant sayeth naught.

        Signed, declared under penalty of perjury, and executed in Palm Beach Gardens, Florida, on this Monday the 16th day of November, 2009.

By: _____
        Charles Edward Lincoln, III
        c/o Peyton Yates Freiman
        603 Elmwood Place, Suite #6
        Austin, Texas 78705
        Telephone: 512-968-2500
        E-mail: charles.lincoln@rocketmail.com
        Alternative Address:
         c/o Kathy Ann Garcia-Lawson
        2620 Nature's Way
        Palm Beach Gardens, Florida 33410
        Telephone: 512-968-2500/512-923-1889
        Facsimile: 561-691-1423

*Affidavit of Charles Edward Lincoln, III, in Response to Order to Show Cause,*     4
*Document 21, Dated November 13, 2009, regarding promised legal representation*
*in this Case by Dr. Orly Taitz, Esquire*

## **NOTARY'S JURAT**

Charles Edward Lincoln, III, appeared in person before me on this Monday the 16th day of November, 2009, in Palm Beach Gardens, Florida, and having been by me duly sworn upon his oath he did verify the truth of all the statements of fact set forth above, and did declare and acknowledge the statements of opinion made above and the sincerity of their submission to the Court.

I am an officer authorized to administer oaths and take testimony under the laws of the State of Florida, my principle place of business being in Palm Beach County, Florida.



Notary Public, Palm Beach County
State of Florida

Printed Name of Notary: _____ _A/EJANJRO   VERA_ _____

Business Address:_525   PGA   BLVD   PBG   FL   53410_

My Commission Expires: _____ _AUG   7, 2012_ _____

Exhibit A:
Sunday, November 15, 2009
E-Mail from
Dr. Orly Taitz, Esquire

*Affidavit of Charles Edward Lincoln, III, in Response to Order to Show Cause,*     6
*Document 21, Dated November 13, 2009, regarding promised legal representation*
*in this Case by Dr. Orly Taitz, Esquire*

**Von:** Dr. Orly Taitz ESQ (dr_taitz@yahoo.com)
**An:** Charles Lincoln
**Datum:** Sonntag, den 15. November 2009, 9:45:01 Uhr
**Betreff:** Charles, you need to see a doctor and your case needs to be stayed pending tr-nt

Charles,
I received your two phone messages. In the first message your speech was extremely blurry, unclear, second message sounded like you were a different person.
 I believe that you need urgent evaluation and treatment by a psychiatrist. All of your behavior as of late, all of the e-mails to me, my husband and my attorney suggest the same. You are hurting me, my husband, my children, your wife, your son, Rverniders and yourself
 I am sending a declaration to judge Dimitrious in FL, letting him know, that I believe you are in need of urgent psychiatric evaluation and possibly treatment, and I believe that case needs to be stayed pending your evaluation and treatment.
Dr. Orly Taitz ESQ
29839 Santa Margarita Pkwy ste 100
Rancho Santa Margarita Ca 92688
ph. 949-683-5411
fax 949-766-7603
orlytaitzesq.com
drtaitz.com
taitzofficesuites.com

# AFFIDAVIT NUMBER 2:
# Dr. Kathy Ann Garcia-Lawson, Ph.D.

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.*
*U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 6
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to*
*Rule 56 MSJ*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA---PALM BEACH

MARSHA G. RIVERNIDER,               §
ROBERT H. RIVERNIDER,               §
CHARLES EDWARD LINCOLN, III,        §
    Plaintiffs,                     §
                                    §
v.                                  §   Case No. 09-91255-CIV
                                    §   HON. W.P. DIMITROULEAS
U.S. BANK NATIONAL ASSOCIATION,     §
AS TRUSTEE FOR THE C-BASS           §
MORTGAGE LOAN ASSET-BACKED          §
CERTIFICATES, SERIES 2006-CBS,      §
And all JOHN & JANE DOES 1-50       §   Affidavit of Psychologist
    Defendants.                     §   Regarding Charles E. Lincoln
                                    §
§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

## AFFIDAVIT OF DR. KATHY GARCIA-LAWSON

1.      My name is Kathy Ann Garcia-Lawson. I am over the age of 18 and otherwise competent to make this affidavit.

2.      I received a Ph.D. from Nova Southeastern University in Clinical Psychology where I also completed a one year postdoctoral specialty in psychoanalytic psychology and technique followed by a two year postdoctoral residency at 45th Street Mental Health Center in West Palm Beach, Florida (now called "Oakwood").

3.      A true and correct (if slightly out of date) copy of my *vita* is attached as Exhibit B to this Affidavit.

4.      Since 1995 I have engaged in the private practice of clinical psychology with my current office location at 2401 PGA Boulevard, Suite 128, Palm Beach Gardens, Florida 33410.

5.      I have known Charles Edward Lincoln, III, since Saturday, May 11, 2008, when he called me to discuss my concerns regarding rampant abuses in the Family Law Courts and in Family Law/Divorce/Child Custody systems generally.

6.      I consider him to be a good-hearted, honorable, and trustworthy man, as well as a competent and well-read student of the law and constitutional history and theory.

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*   1
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

7.        I am perfectly aware of his background and status as a disbarred attorney, but in some ways, I think his background makes him more useful and trustworthy than many licensed attorneys who cannot criticize the system because they depend upon it and are part of it.

8.        One of my past attorneys, Montgomery Blair Sibley, was suspended in both the District of Columbia and Florida, as well as threatened with disbarment, because of his criticism of the judiciary and the unconstitutional operation of the Family Courts which routinely deny due process of law in an arbitrary and capricious manner, to the great injury of spouses and children all over the United States.

9.        In January-May of 2009, I became interested in the work of Dr. Orly Taitz against the constitutional eligibility of President Barack H. Obama.  I made contact with Dr. Taitz who indicated that she lacked competent assistance in her litigation, whose end goal of removing the President I supported on moral, philosophical, and political grounds, and I suggested to her that she contact Charles Lincoln and see whether they could work together, which they quickly began to do.

10.        Sometime in early-mid July 2009, Charles Lincoln confided to me in a late-night telephone call that he was involved in a very intense love affair with Orly Taitz as well as working for her constantly to the exclusion of everything else in his life.  Charles said that he had been very lonesome since he separated from his wife Elena in late July 2002, and that Orly had made him "feel alive" and he believed that they could work together and accomplish things he could never do on his own.

11.        Although he was calling me and updating me as a friend, that night Charles Lincoln at that time said that he was very disturbed by the events, which had transpired with Orly, a married woman, and requested that I advise him as a psychologist.  I spoke to Charles about Orly about 3-4 times a week after that, sometimes more.

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*   2
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

12.     Charles has also come to visit me in Palm Beach Gardens on three separate occasions since this started, and Orly is always on his mind, as are his concerns with their relationship.

13.     I should make it clear that Charles was never a formal patient of mine, never paid me for services, and I consider our relationship still to be that of friends rather than doctor-patient. I counseled him professionally as if he were a patient of mine, but more informally than formally, as I would do to any friend in need.

14.     I did my best to advise Charles to terminate his relationship with Orly, after all I am an advocate for Christian marriage and monogamy.

15.     I had the opportunity to travel to Orange County, California, on the weekend of October 2-6 in Orange County, California, and did spend some time meeting with Orly and Charles as they worked together on the Obama litigation.

16.     Charles had asked for my professional observations concerning the authenticity of Orly's feelings towards him.

17.     I, like others close to Charles, were gravely concerned about the sincerity of Orly's involvement with Charles or whether she was taking advantage of a lonely man in exchange, quid pro quo, of his drafting of her pleadings.

18.     I have no personal knowledge of any of the papers passing between Charles and Orly in this case or any other case, but I cannot imagine any reason why Charles would have needed to falsify documents from Orly because they worked together, very intensely, for five months and I know he wrote more documents which she signed than she ever wrote on her own, by a very dramatic factor.

19.     Charles copied me on almost everything he wrote for Orly, including his legal research for her, and his output was nothing less than prodigious. I was concerned for his well-being and his general health because Orly's demands on him sometimes seemed excessive.

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*     3
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

20.      I have read Orly's Sunday Novmeber 15, 2009, e-mail attached as Exhibit A to this affidavit and in my professional opinion, this turn of events seems to be rooted in vindictiveness and hostility, and I find it suspect that if her conduct and actions have so radically changed in the immediate aftermath of the October 29, 2009, dismissal of the Obama case before Judge Carter's case.

21.      I have wondered whether Orly's involvment with Charles was strictly a result of her interest in using him on the Obama case, and I think that Orly may have been "leading Charles" on and that she never really intended to follow through on her commitments to the mortgage litigation.

22.      In my time of knowing Charles I have found him always to be forthright and honest in a genuine and caring individual.

23.      I would be happy to testify on his behalf or elaborate upon this affidavit in response to any questions which the Court might have in the future.

24.      I find it quite unfortunate that this inappropriate and personal relationship has found its way to contaminate a significant case such as the present one, but I agree that Charles had the need to be forthcoming and truthful regarding all the circumstances bearing on his defense against Orly's charges.

25.      It is my professional opinion that Charles Edward Lincoln suffers from no psychological disorders, excluding possible occasional mild depression brought on by loneliness, and I see no cause to recommend him for psychiatric evaluation of any kind.

26.      I have also met Bob Rivernider and nothing in my observation of either Lincoln or Rivernider suggests to me that they were likely to have been attempting to falsify Orly's involvement in this case in any way.  I am aware that Orly did appear or attempt to appear in several other cases for Charles E. Lincoln involving mortgages and real-estate around the United States.

Further affiant sayeth naught.

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*   4
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

Signed, declared under penalty of perjury, and executed in Palm Beach Gardens, Florida, on this Monday the 16th day of November, 2009.


By: _____
Kathy Ann Garcia-Lawson, Ph.D.
2401 PGA Boulevard, Suite 128
Palm Beach Gardens, Florida 33410
Office Telephone: 561-694-2772
Facsimile: 561-691-1423


## NOTARY'S JURAT

Kathy Ann Garcia-Lawson appeared in person before me on this Monday the 16th day of November, 2009, in Palm Beach Gardens, Florida, and having been by me duly sworn upon her oath she did verify the truth of all the statements of fact set forth above, and did declare and acknowledge the statements of her professional opinion made above and the sincerity of their submission to the Court.

I am an officer authorized to administer oaths and take testimony under the laws of the State of Florida, my principle place of business being in Palm Beach County, Florida.

ALEJANDRO VERA
Notary Public, State of Florida
Commission# DD812909
My comm. expires Aug. 7, 2012

_____
Notary Public, Palm Beach County
State of Florida

Printed Name of Notary: _ALEJANDRO   VERA_____

Business Address:_2525   PGA BLVD   PBG  FL  33410_____

My Commission Expires: ___AUG  2, 2012_____

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*   5
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

Exhibit A:
Sunday, November 15, 2009
E-Mail from
Dr. Orly Taitz, Esquire

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*   6
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

**Von:** Dr. Orly Taitz ESQ (dr_taitz@yahoo.com)
**An:** Charles Lincoln
**Datum:** Sonntag, den 15. November 2009, 9:45:01 Uhr
**Betreff:** Charles, you need to see a doctor and your case needs to be stayed pending tr-nt

Charles,
I received your two phone messages. In the first message your speech was extremely blurry, unclear, second message sounded like you were a different person.
 I believe that you need urgent evaluation and treatment by a psychiatrist. All of your behavior as of late, all of the e-mails to me, my husband and my attorney suggest the same. You are hurting me, my husband, my children, your wife, your son, Rverniders and yourself
 I am sending a declaration to judge Dimitrious in FL, letting him know, that I believe you are in need of urgent psychiatric evaluation and possibly treatment, and I believe that case needs to be stayed pending your evaluation and treatment.
Dr. Orly Taitz ESQ
29839 Santa Margarita Pkwy ste 100
Rancho Santa Margarita Ca 92688
ph. 949-683-5411
fax 949-766-7603
orlytaitzesq.com
drtaitz.com
taitzofficesuites.com

# Exhibit B:
## Professional Vita
## Kathy Ann Garcia-Lawson, Ph.D.,
## In Psychology with specialty
## In Psychoanalytic Technique

*Affidavit of Dr. Kathy Ann Garcia-Lawson, Ph.D. in Support of Charles Lincoln's*   7
*Response to Order to Show Cause, Document 21, Dated November 13, 2009,*
*regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*

# VITA

Kathy Ann Garcia-Lawson, Ph.D.

A.    Personal Data

| | |
|---|---|
| Address: | 2620 Natures Way, Palm Beach Gardens, Florida 33410 |
| Telephone: | 561.624.8725 |
| DOB: | February 4, 1958 |

B.    Educational Background

1.   Montclair State College, Upper Montclair, NJ 07043
Major: Psychology
Minor: Counseling, Human Services and Guidance    B.A. 1982

2.   Nova Southeastern University, Ft. Lauderdale, FL 33314
Major: Counseling Psychology    M.S. 1990
Major: School Guidance and Counseling    M.S. 1990

3.   Nova Southeastern University, Ft. Lauderdale, FL 33314
Ph.D. - Clinical Psychology    Ph.D. 1995

4.   Advanced Training: Psychoanalytic Psychotherapy Program
Nova Southeastern University, Ft. Lauderdale, FL 33314    1996

5.   Family and County Court Mediation Training
Broward County Bar Association, Ft. Lauderdale, FL 33314    10-12-04

C.    Professional Membership

American Psychological Association    1992-Present

D.    Current Position

Private Practice in Clinical Psychology
2401 PGA Boulevard, Ste.128, Palm Beach Gardens, FL 33410    1995- Present

E.    Clinical Experience

1.   Essex Rehabilitation Center, Verona, NJ Group
Therapy with dually diagnosed patients.    1981-1982

2.   Glenbeigh Hospital of the Palm Beaches, West Palm Beach, FL    1988-1989
Group psychotherapy with adolescents with eating disorders and
substance abuse problems.

1

Clinical Experience (continued).

3.   <u>Humana Hospital West Palm Beach, FL</u>                                  1989-1990

          Group psychotherapy with adolescents in a long-term residential
          psychiatric program. Group and individual psychotherapy with
          geriatric patients in short-term facility. Provided crisis intervention to
          adults.

4.   <u>Nova University Comm. Mental Health Clinic, Coral Springs, FL</u>         1992-1993

          Dual Diagnosis Program: Provided individual short-term and long-
          term psychotherapy. Intake interviewing, treatment planning,
          testing, and evaluation of patients.

5.   <u>45th Street Mental Health Center, West Palm Beach, FL</u>      1993-1996

          Provided individual and group psychotherapy to adolescents and
          adults in both out-patient and in-patient facilities. Treatment
          planning, testing, and evaluation was conducted. Provided
          individual and family therapy to school-age children through
          contract with Palm Beach Board of Education.

F.   <u>Teaching Experience</u>

     1.   Palm Beach School Board, West Palm Beach, FL (ESE)           1988-1990
     2.   Embry Riddle Aeronautical University (Psychology Classes)    1992
     3.   Palm Beach Community College (Psychology Classes) Barry      1990-1994
     4.   University (Psychology Classes)                              1994

G.   <u>Administration</u>

     1.   Developed the psycho-educational program at Glenbeigh Hospital.
     2.   Editor for Books and Article Reviews for Southeast Florida Association
          for Psychoanalytic Psychotherapy (SEFAPP) Newsletter.
     3.   Grant proposal for prevention of juvenile delinquency.
     4.   Consultant to Florida's Commission on Marriage and Family Initiatives-Cited
          as a consultant in the Commission's Report, *Is No-Fault at Fault*?, released
          March, 2008.

H.   <u>Dissertation</u>

     *The Effects of the Sudden Death of a Psychotherapist on Patients*

I.   <u>Publications</u>

     Garcia-Lawson, Kathy (1997). *Thoughts on Termination - Practical Considerations:*
     <u>Journal of Psychoanalytic Psychology</u>, 14(2),239-257.

     Garcia-Lawson, Kathy (2000), *Sudden Death of the Therapist: Effects on the Patient:*
     <u>Journal of Contemporary Psychotherapy</u>, 30(1) 85-103.

     <u>Non-published: Family Law</u>

     Garcia-Lawson, Kathy, Baker, Josiah, and Posthumus, Stanley, (2006) *Protecting*
     *Florida Families- Ending the Divorce Epidemic: A Social Disease*. Presented to the
     Childrens Rights Council, November, 2006 in Washington DC and at the State of

Florida South Legislative Meeting.

J.   Areas of Research/Interest: Activist in Safeguarding Marriage and Family.

K     <u>References</u>

Available Upon Request.

2

# AFFIDAVIT NUMBER 3:
## Marsha G. Rivernider

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.*
*U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 7
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to*
*Rule 56 MSJ*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA---PALM BEACH

| | | |
|---|---|---|
| MARSHA G. RIVERNIDER,<br>ROBERT H. RIVERNIDER,<br>CHARLES EDWARD LINCOLN, III,<br>　　　Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE FOR THE C-BASS<br>MORTGAGE LOAN ASSET-BACKED<br>CERTIFICATES, SERIES 2006-CBS,<br>And all JOHN & JANE DOES 1-50<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 09-91255-CIV<br>HON. W. P. DIMITROULEAS<br><br><br><br>AFFIDAVIT REGARDING<br>PLAINTIFFS' ATTEMPTED<br>RETAINER OF ATTORNEY |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

### AFFIDAVIT of Marsha G. Rivernider

1.　　My name is Marsha G. Rivernider. I am over the age of 18, and of sound mind.

2.　　It is my understanding that Dr. Taitz agreed to represent us in this case.

3.　　On October 21st, 2009, I signed an agreement with Dr. Orly Taitz to represent us in this case.

4.　　On October 30, 2009, my husband, Robert H. Rivernider, and I received a FEDEX from Mr. Lincoln containing a document to be filed.

5.　　We reviewed and signed the document and my husband delivered it to the court.


Signed, declared under penalty of perjury, and executed in Palm Beach County, Florida, on this Monday the 16th day of November 2009.

By: *Marsha G. Rivernider*
　　Marsha G. Rivernider
　　9246 Delemar Ct., Wellington, FL 33414
　　561-315-2487

## NOTARY'S JURAT

Marsha G. Rivernider appeared in person before me on this Monday the 16th day of November, 2009, in Palm Beach County, Florida, and having been by me duly sworn upon his oath he did verify the truth of all the statements of fact set forth above, and did declare and acknowledge the statements of opinion made above and the sincerity of their submission to the Court.

I am an officer authorized to administer oaths and take testimony under the laws of the State of Florida, my principle place of business being in Palm Beach County, Florida.

_____
Notary Public, Palm Beach County
State of Florida

Printed Name of Notary: _____Maria Nguyen_____

Business Address: ___10690 W. Forest Hill Blvd. Welly ton, FL___

My Commission Expires: ___12/17/11___



MARIA NGUYEN
Notary Public, State of Florida
Commission# DD742814
My comm. expires Dec. 17, 2011

# AFFIDAVIT NUMBER 4:
## Robert H. Rivernider

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v.*
*U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to* 8
*Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to*
*Rule 56 MSJ*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA---PALM BEACH

| | | |
|---|---|---|
| MARSHA G. RIVERNIDER,<br>ROBERT H. RIVERNIDER,<br>CHARLES EDWARD LINCOLN, III,<br>      Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE FOR THE C-BASS<br>MORTGAGE LOAN ASSET-BACKED<br>CERTIFICATES, SERIES 2006-CBS,<br>And all JOHN & JANE DOES 1-50<br>      Defendants. | § § § § § § § § § § § § § § § § | <br><br><br><br>Case No. 09-91255-CIV<br>HON. W. P. DIMITROULEAS<br><br><br><br>AFFIDAVIT REGARDING<br>PLAINTIFFS' ATTEMPTED<br>RETAINER OF ATTORNEY |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

### AFFIDAVIT of Robert H. Rivernider

1.    My name is Robert H. Rivernider. I am over the age of 18, and of sound mind.

2.    I spoke to Dr. Orly Taitz on October 21st, 2009 regarding her representation in this case. We agreed to the terms, I executed the agreement and returned it to Dr. Taitz.

3.    I received a FEDEX that contained the motion in question from Mr. Charles Lincoln on October 30, 2009.

4.    When I received the document Dr. Taitz already signed it.

5.    Mr. Lincoln asked me to review, sign, and deliver the document to the court.

6.    We have no reason to believe that the document was forged and that Dr. Taitz did not sign it.

      Signed, declared under penalty of perjury, and executed in Palm Beach County, Florida, on this Monday the 16th day of November 2009.

By: _Robt H /~~~~_____
      Robert H. Rivernider
      9246 Delemar Ct., Wellington, FL 33414
      561-315-2487

*Affidavit of Robert H. Rivernider, in Response to Order to Show Cause, Document 21, Dated November 13, 2009, regarding promised legal representation in this Case by Dr. Orly Taitz, Esquire*                    1

## NOTARY'S JURAT

Robert H. Rivernider appeared in person before me on this Monday the 16th day of November, 2009, in Palm Beach County, Florida, and having been by me duly sworn upon his oath he did verify the truth of all the statements of fact set forth above, and did declare and acknowledge the statements of opinion made above and the sincerity of their submission to the Court.

I am an officer authorized to administer oaths and take testimony under the laws of the State of Florida, my principle place of business being in Palm Beach County, Florida.

_____
Notary Public, Palm Beach County
State of Florida

Printed Name of Notary: _Maria Nguyen_

Business Address: _10690 W. Forst Hill Blvd. Welugtm, FC 33414_

My Commission Expires: _12/17/11_

MARIA NGUYEN
Notary Public, State of Florida
Commission# DD742814
My comm. expires Dec. 17, 2011