UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81255-CIV-DIMITROULEAS

MARSHA G. RIVERNIDER;
ROBERT H. RIVERNIDER; and
CHARLES EDWARD LINCOLN, III,

    Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the C-Bass Mortgage Loan Asset-Backed
Certificates, Series 2006-CBS, and all JOHN & JANE
DOES 1-10,

    Defendants.
_____/

## ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE-8], filed herein on September 24, 2009.  The Court has carefully considered the Motion, Plaintiffs' Response to Order to Show Cause and Motion to Dismiss [DE-20], and is otherwise fully advised in the premises.

### I. INTRODUCTION

This case relates to a note and mortgage in the amount of $729,000.00 executed by Plaintiffs, Marsha Rivernider and Robert Rivernider (the "Riverniders") as to real estate located at 9426 Delmar Court, Wellington, Florida 33414.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy exceeds $75,000.00.  Plaintiffs allegations are not entirely clear, but it appears that the Riverniders defaulted under the terms of the Note and Mortgage thereby necessitating foreclosure proceedings by Defendant.  Summary Final Judgment of Foreclosure was granted in the Circuit

Court for Palm Beach County on August 3, 2009 in favor of Defendant and a foreclosure sale on the property was set for August 31, 2009. Nevertheless, on August 25, 2009, Plaintiff Marsha Rivernider executed a warranty deed on the subject property in consideration for $10.00 to Plaintiff Charles Edward Lincoln ("Lincoln"). The foreclosure sale never occurred on August 31, 2009.

Plaintiffs then proceeded to file a series of motions and actions, including the present action, apparently in order to prevent the foreclosure sale from occurring. First, Plaintiffs filed an Emergency Motion to Set Aside Default and Vacate Summary Judgment and to Stay or Suspend Order of Sale in the Circuit Court. That motion was denied on August 31, 2009. Second, Plaintiffs filed a Petition for Bankruptcy on August 31, 2009. That Petition was dismissed on September 11, 2009. Third, on August 31, 2009, Plaintiffs filed the present Complaint for Quiet Title asserting seven causes of action arising out of the Note and Mortgage and subsequent attempt to foreclose on the Note and Mortgage. On August 31, 2009, Plaintiffs also filed an Application for Temporary Restraining Order & Memorandum of Points and Authorities in Support [DE-2], which the Court denied on September 28, 2009 [DE-11], as Plaintiffs were unable to demonstrate the presence of an immediate, irreparable harm to warrant the Court's issuance of injunctive relief.

Plaintiffs' Complaint contains seven counts. Count I is for injunctive relief purportedly pursuant to 42 U.S.C. §§ 1983, 1988(a), Florida DTPA, and common-law equity. Plaintiffs request that the Court "declare and adjudge that the Judges and Clerks of the Florida Civil Courts, as state actors, over the past four years have decided, arbitrarily and capriciously, to uphold an illegitimate and corrupt finance system based on securitization of notes, in violation of 42 U.S.C. § 1981 as well as all relevant Florida Statutes." [DE-1, ¶ 36]. Plaintiffs also seek

preliminary injunctive relief enjoining and restraining Defendant from foreclosing on the subject property.  In Count II, Plaintiffs seek relief by foreclosure accounting, alleging that the correct amount of money due and owing from Plaintiffs to Defendant remains in dispute and cannot be determined without an accounting.  Count III relates to a claim for unfair debt collection practices and predatory lending.  Plaintiffs allege that Defendant violated unspecified provisions of Florida Statutes, the Federal Fair Debt Collections Act, and the Real Estate Settlement Procedures Act.  Count IV is for declaratory judgment, requesting that the Court declare that no valid contract exists between the Riverniders and Defendant.  In Count V, Plaintiffs allege an ambiguous claim that Defendant "knew or should have known."  Finally, in Count VI and VII, Plaintiffs seek quiet title to the subject property.  On September 24, 2009, Defendant filed the instant Motion to Dismiss.

## II. DISCUSSION

**A.    Legal Standard**

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  The allegations of the claim must be taken as true and must

be read to include any theory on which the plaintiff may recover.  See Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)). However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . .".  Iqbal, 129 S. Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  Twombly, 550 U.S. at n.8 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984)).

**B.     Defendant's Motion to Dismiss**

   **i.     Failure to State a Claim Upon Which Relief Can be Granted**

Defendant argues that Plaintiffs' Complaint should be dismissed on the ground that it fails to state a claim upon which relief can be granted.  Defendant argues that Plaintiffs appear to be requesting that the Court review and declare invalid the entire Florida State Court system, however, there is no ruling against Defendant that would provide any relief to Plaintiffs in regard to such claims.  In response, Plaintiffs argue that the Court has the power to render the requested relief in this case and that Plaintiffs have plead their Complaint with sufficient specificity.

The Court agrees with Defendant.  In Count I Plaintiffs request that the Court "declare and adjudge that the Judges and Clerks of the Florida Civil Courts, as state actors, over the past four years have decided, arbitrarily and capriciously, to uphold an illegitimate and corrupt finance system based on securitization of notes, in violation of 42 U.S.C. § 1981 as well as all relevant Florida Statutes."  [DE-1, ¶ 36].  Clearly Plaintiffs' requested relief does not relate to any purported conduct by Defendant, but instead asks the Court to review and declare invalid the

entire state court system. There is no ruling as against Defendant that can provide any relief to Plaintiffs in regard to such a claim. Consequently, the Court concludes that Plaintiffs have not stated a claim upon which relief can be granted against Defendant and this claim must be dismissed. Moreover, the Court previously denied Plaintiffs' request for preliminary injunctive relief [DE-11] on the ground that Plaintiffs failed to establish the element of irreparable harm. Thus, that portion of Count I which seeks preliminary injunctive relief also fails as Plaintiffs have not established irreparable harm.

In addition, the Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted in regard to Counts III and V. In particular, in Count III Plaintiffs fail to allege the violation of any specific provision of a statute by Defendant. Instead, Plaintiffs simply make the conclusory allegation that Defendant violated unspecified provisions of statutes and fail to set forth how those provisions were purportedly violated by Defendant. Further, the Court concludes that Plaintiffs' ambiguous claim in Count V for "knew or should have known" does not allege a cognizable claim for relief or cause of action. Accordingly, Counts I, III, and V fail as Plaintiffs have not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

    **ii.    Res Judicata or Collateral Estoppel**

Next Defendant argues that Plaintiffs' Complaint is barred by res judicata and collateral estoppel principles due to the foreclosure judgment in the state court proceedings. In response, Plaintiffs argue that the state court proceedings have no res judicata or collateral estoppel effect as the state court proceedings are not final. Under res judicata, "a final judgment on the merits of an action precludes the parties [] from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Further, under "collateral estoppel, once

a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Id. The Supreme Court has made clear that "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Id. Moreover, 28 U.S.C. § 1738 provides that "judicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State...." Pursuant to these doctrines, Defendant argues that Plaintiffs' claims are barred. While it appears that Counts II, IV, VI, and VII indeed encompass the same issues that were previously litigated in the state court proceedings, when construing Defendant's Motion to Dismiss based solely on the pleadings, it is difficult for the Court to ascertain whether a final judgment has been reached. In particular, it is unclear whether there is a motion to vacate or an appeal pending in the state court proceedings. Thus, the Court determines that these arguments are better raised at a later stage in the litigation.

    **iii.**    **Standing**

Defendant also argues that Plaintiff Lincoln lacks standing to challenge the Note and Mortgage between Defendant and the Riverniders since he did not take an interest in the property for value and without notice and, thus, does not have standing as a bona fide purchaser. In response Plaintiffs point to the Riverniders' purported transfer of all their rights, title and interest in the subject property to Plaintiff Lincoln. Without making any determination as to whether the purported transfer to Plaintiff Lincoln was valid, the Court concludes that at the motion to dismiss stage, Plaintiffs have sufficiently alleged standing on behalf of Plaintiff Lincoln. Therefore, Defendant's Motion to Dismiss is denied without prejudice in this regard.

### III.  CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE-8] is hereby **GRANTED in part, DENIED in part**.  Counts I, III, and IV are hereby **DISMISSED without prejudice**.  This ruling is without prejudice to Defendant's ability to raise these arguments at a later stage in the litigation;

2. Plaintiffs shall have up to and including December 15, 2009 to file an Amended Complaint.[1]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 18th day of November, 2009.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Marsha G. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Robert H. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Charles Edward Lincoln, *pro se*
603 Elmwood Place, Suite 6
Austin, TX 78705

---

[1] Plaintiffs requested in their Response to Order to Show Cause and Motion to Dismiss [DE-20] that the Court allow them to file an Amended Complaint on or before December 15, 2009.

U.S. Bank National Association
c/o Lauren Ann Cascino, Esq.
Butler & Hosch, P.A.
3185 South Conway Road, Suite E
Orlando, FL 32812

Dr. Orly Taitz, Esq.
Orly Taitz Law Offices
29839 Santa Margarita Parkway
Rancho Santa Margarita, CA 92688