**DR. ORLY TAITZ, ESQ**
**29839 S.MARGARITA PKWY**
**RANCHO SANTA MARGARITA CA, 92688**

09 DEC -7 PM 3:56

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **MARSHA G. RIVERNIDER; ROBERT H. RIVERNIDER; AND CHARLES EDWARD LINCOLN,III, Plaintiffs, Vs. US BANK NATIONAL ASSOCIATION, As Trustee for the C-bass Mortgage Loan Asset-Backed Certificates, series 2006-CBS, and all JOHN & Jane DOES 1-10, Defendants** | **Case No.: 09-81255-civ-DIMITROULEAS** <br> **REQUEST FOR JUDICIAL NOTICE** |

**REQUEST FOR JUDICIAL NOTICE**

Here comes Dr. Orly Taitz ESQ, not a party to the above captioned action and not a counsel to any of the parties, requesting a judicial notice of the following action the *Florida Bar v Charles Edward Lincoln III* as an attachment to the order to show cause. Copy of the **NOTICE OF JUDGMENT OF GUILT** in the above action is attached.

Dated this 12.03.09

Dr. Orly Taitz ESQ
29839 S. Margarita
pkwy, ste 100
Rancho Santa Margarita
CA 92688

Copies furnished to:

Marsha and Robert Rivernider
9246 Delmar Court
Wellington, FL 33414

Charles Edward Lincoln
603 Elmwood place, suite 6
Austin, TX 78705

US Bank National Association
c/o Lauren Ann Cascino, ESQ
Butler and Hosch, P.A.
3185 South Conway Rd. suite E
Orlando, FL 32812

John Anthony Boggs, Staff Counsel
The Florida Bar
650 Apalachee Parkway
Tallahassee, Florida 32399-2300
(850)561-5600
Attorney Number 253847

Copy provided to:
John Anthony Boggs, Staff Counsel

G:\~02\Lincoln 0896\Notice of Judgment of Guilt.wpd

WHEREFORE, The Florida Bar respectfully requests that this Court enter an order suspending Respondent pursuant to Rule 3-7.2(e), Rules of Discipline of The Florida Bar and order that Respondent furnish Staff Counsel of The Florida Bar with the requisite affidavit listing all clients so informed within thirty days after receipt of the Court's order.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Judgment of Guilt regarding TFB File No. 2002-00,896 (02) (NFC) has been furnished by regular U.S. mail and by certified mail # 7000 1670 0012 8613 1562, return receipt requested, to Charles Edward Lincoln, III, Respondent, at his record Bar address of 1313 Mulberry Way, Cedar Park, TX 78613-5520, and by regular U.S. Mail and certified mail # 7000 1670 0012 8613 1548, return receipt requested, to his alternate address of 6102 Valleyview Drive, Lago Vista, TX 78645, on this 17th day of May, 2002.

Thomas W. Darby, Bar Counsel
The Florida Bar
650 Apalachee Parkway
Tallahassee, Florida 32399-2300
(850) 561-5845
Florida Bar No. 886350

John F. Harkness, Jr., Executive Director
The Florida Bar
650 Apalachee Parkway
Tallahassee, Florida 32399-2300
(850)561-5600
Attorney Number 123390




IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

Complainant,

v. TFB File No. 2002-00,896 (02) NFC

CHARLES EDWARD LINCOLN, III,

Respondent.

______________________________/

NOTICE OF JUDGMENT OF GUILT

COMES NOW, The Florida Bar, and files this Notice of Judgment of Guilt, pursuant to Rule 3-7.2(e), Rules of Discipline of The Florida Bar and says:

1. Respondent is a member of The Florida Bar, admitted on October 2, 1992.

2. Respondent also was, at all times material hereto, a member of the Bar of the State of Texas, subject to the jurisdiction of the Supreme Court of Texas.

3. Respondent was convicted on or about September 6, 2000 of False Representation of a Social Security Number (42 nUSC 408(a)(7)(B), a felony under the laws of the United States of America. A Judgment in a Criminal Case was signed and entered by The Honorable Walter S. Smith, Jr., United States District Judge for the Western District of Texas. A certified copy of said Judgment is attached hereto and incorporated herein by reference as Exhibit A.



# Supreme Court of Florida

WEDNESDAY, JUNE 5, 2002

CASE NO.: SC02-1111
Lower Tribunal No.: 2002-00,896(02)NFC

THE FLORIDA BAR vs. CHARLES EDWARD LINCOLN, III

Complainant(s) Respondent(s)

The Florida Bar having filed on May 20, 2002, Notice of Judgment of Guilt showing that Charles Edward Lincoln, III, has been convicted of a felony in a court other than a court of the State of Florida and the above-named attorney having failed to file a petition with the Court requesting modification or termination of the suspension, Charles Edward Lincoln, III, is automatically suspended from The Florida Bar pursuant to 3-7.2(e) of the Rules Regulating The Florida Bar, and it is further

ORDERED that this suspension shall be effective thirty days from May 31, 2002, so that respondent can close out his practice and protect the interests of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this order is filed until the suspension expires. See Rule 3-5.1(g) of the Rules Regulating The Florida Bar.








IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

Complainant,

v. TFB File No. 2002-00,896 (02) NFC

CHARLES EDWARD LINCOLN, III,

Respondent.

______________________________/

**NOTICE OF JUDGMENT OF GUILT**

COMES NOW, The Florida Bar, and files this Notice of Judgment of Guilt, pursuant to Rule 3-7.2(e), Rules of Discipline of The Florida Bar and says:

1. Respondent is a member of The Florida Bar, admitted on October 2, 1992.

2. Respondent also was, at all times material hereto, a member of the Bar of the State of Texas, subject to the jurisdiction of the Supreme Court of Texas.

3. Respondent was convicted on or about September 6, 2000 of False Representation of a Social Security Number (42 nUSC 408(a)(7)(B), a felony under the laws of the United States of America. A Judgment in a Criminal Case was signed and entered by The Honorable Walter S. Smith, Jr., United States District Judge for the Western District of Texas. A certified copy of said Judgment is attached hereto and incorporated herein by reference as Exhibit A.

WHEREFORE, The Florida Bar respectfully requests that this Court enter an order suspending Respondent pursuant to Rule 3-7.2(e), Rules of Discipline of The Florida Bar and order that Respondent furnish Staff Counsel of The Florida Bar with the requisite affidavit listing all clients so informed within thirty days after receipt of the Court's order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Judgment of Guilt regarding TFB File No. 2002-00,896 (02) (NFC) has been furnished by regular U.S. mail and by certified mail #7000 1670 0012 8613 1562, return receipt requested, to Charles Edward Lincoln, III, Respondent, at his record Bar address of 1313 Mulberry Way, Cedar Park, TX 78613-5520, and by regular U.S. Mail and certified mail #7000 1670 0012 8613 1548, return receipt requested, to his alternate address of 6102 Valleyview Drive, Lago Vista, TX 78645, on this 17th day of May, 2002.

Thomas W. Darby, Bar Counsel
The Florida Bar
650 Apalachee Parkway
Tallahassee, Florida 32399-2300
(850) 561-5845
Florida Bar No. 886350

John F. Harkness, Jr., Executive Director
The Florida Bar
650 Apalachee Parkway
Tallahassee, Florida 32399-2300
(850)561-5600
Attorney Number 123390

Not final until times expires to file motion for rehearing and, if filed determined. The filing of a motion for rehearing shall not alter the effective date of this suspension.

A True Copy
Test:

Thomas D. Hall
Clerk, Supreme Court

kb
Served:

THOMAS WILLIAM DARBY
CHARLES EDWARD LINCOLN, III
✓JOHN ANTHONY BOGGS

# Supreme Court of Florida

WEDNESDAY, JUNE 5, 2002

CASE NO.: SC02-1111
Lower Tribunal No.: 2002-00,896(02)NFC

THE FLORIDA BAR vs. CHARLES EDWARD LINCOLN, III

Complainant(s) Respondent(s)

The Florida Bar having filed on May 20, 2002, Notice of Judgment of Guilt showing that Charles Edward Lincoln, III, has been convicted of a felony in a court ~~other than a court of the State of Florida and the above-named attorney having~~ failed to file a petition with the Court requesting modification or termination of the suspension, Charles Edward Lincoln, III, is automatically suspended from The Florida Bar pursuant to 3-7.2(e) of the Rules Regulating The Florida Bar, and it is further

ORDERED that this suspension shall be effective thirty days from May 31, 2002, so that respondent can close out his practice and protect the interests of existing clients. If respondent notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Respondent shall accept no new business from the date this order is filed until the suspension expires.

See Rule 3-5.1(g) of the Rules Regulating The Florida Bar.






U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7000 1670 0012 8613 1562

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

NJG
Postmark Here

Sent To: Charles Edward Lincoln III
Street, Apt. No., or PO Box No.: 1313 Mulberry Way
City, State, ZIP+4: Tallahassee FL 78613-5520



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7000 1670 0012 8613 1548

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

NJG
Postmark Here

Sent To: Charles Edward Lincoln III
Street, Apt. No., or PO Box No.: 6102 Valleyview Drive
City, State, ZIP+4: Lago Vista TX 78645

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charles Edward Lincoln III
1313 Mulberry Way
Cedar Park, TX 78613-5520

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery 5-20-02

C. Signature
X [signature] ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 1670 0012 8613 1562

PS Form 3811, March 2001 Domestic Return Receipt 102595-01-M-1424

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Charles Edward Lincoln III
   6103 Valleyview Drive
   Lago Vista, TX 78645

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
   X                                    ☐ Agent
                                        ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below.        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
   7000 1670 0012 8613 1548

---

**THE FLORIDA BAR**
650 APALACHEE PARKWAY
TALLAHASSEE, FL 32399-2300

CERTIFIED MAIL

7000 1670 0012 8613 1548

our website: www.FLABAR.org

UNCLAIMED

Charles Edward Lincoln, III
[address redacted] view Drive
[redacted]

RECEIVED
JUN 11 2002
TALLAHASSEE BRANCH

Name _____
1st Notice 5/22
2nd Notice 5/25
            ____ 4

Defendant: CHARLES EDWARD LINCOLN
Case Number: A-99-CR-275

**STATEMENT OF REASONS**

The Court adopts the factual findings and guideline application in the presentence report except: The Court granted a 2 level downward adjustment for each of obstruction of justice and acceptance of responsibility, thereby reducing the offense level from 14 to 10.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 10 |
| Criminal History Category: | I |
| Imprisonment Range: | 6 to 12 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $2,000.00 to $20,000.00 |
| Restitution: | $-0- |

The sentence departs from the guideline range for the following reason(s): aberrant behavior reduced the offense level by 2 (from 10 to 8).

A true copy of the original, I certify,
Clerk, U. S. District Court
By [signature] Deputy
APR 1 2 2002

Defendant: CHARLES EDWARD LINCOLN
Case Number: A-99-CR-275

**FINE**

The defendant shall pay a fine of $7,500.00. This fine includes any costs of incarceration and supervision.

If the fine exceeds $2,500.00, interest will accrue on this fine unless the fine is paid in full within 15 days of this judgment pursuant to 18 U.S.C. § 3612(f)(1).

The payment of this fine shall begin immediately.

If the fine is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.





Defendant: CHARLES EDWARD LINCOLN
Case Number: A-99-CR-275

## STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another Federal, State, or local crime during the term of supervision.
2) The defendant shall not illegally possess a controlled substance.
3) If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with a schedule to be approved by the Court. In any case, the defendant shall cooperate with the Probation Officer in meeting any financial obligations.
4) In supervised release cases only, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
5) If convicted of a felony, the defendant shall not posses a firearm as defined in 18 U.S.C. §921.
6) For offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the Probation Officer.

   The above drug testing condition may be suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.
7) The defendant shall not leave the judicial district without the permission of the Court or Probation Officer.
8) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.
9) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.
10) The defendant shall support his or her dependents and meet other family responsibilities.
11) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.
12) The defendant shall notify the Probation Officer ten days prior to any change in residence or employment.
13) The defendant shall refrain from excessive use of alcohol.
14) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
15) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.
16) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.
17) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
18) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
19) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: CHARLES EDWARD LINCOLN
Case Number: A-99-CR-275

## PROBATION

The defendant is hereby placed on probation for a term of THREE (3) YEARS.

While on probation, the defendant shall comply with the standard conditions that have been adopted by this Court as set forth in Page 3 of this judgment; and shall comply with the following additional conditions:

X The defendant shall upon request of the probation office, authorize release of any and all financial information, to include income records, income tax records, and social security records, by execution of a release of financial information form or by other appropriate means.

X The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the fine installment payment schedule.

X The Court finds, based on information contained in the defendant's Presentence Report, that there is a low risk of future substance abuse by the defendant, and the court will waive the mandatory drug testing condition.