UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA---PALM BEACH

| | | |
|---|---|---|
| MARSHA G. RIVERNIDER, | § | |
| ROBERT H. RIVERNIDER, | § | |
| CHARLES EDWARD LINCOLN, III, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 09-91255-CIV |
| | § | HON. W.P. DIMITROULEAS |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| AS TRUSTEE FOR THE C-BASS | § | **PLAINTIFFS' MOTION TO** |
| MORTGAGE LOAN ASSET-BACKED | § | **ENLARGE SELF-IMPOSED** |
| CERTIFICATES, SERIES 2006-CBS, | § | **DEADLINE TO FILE FIRST** |
| And all JOHN & JANE DOES 1-50 | § | **AMENDED COMPLAINT** |
| Defendants. | § | |
| | § | |
| §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | | |



FILED by _____ D.C.
DEC 1 5 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFFS' MOTION TO ENLARGE SELF-IMPOSED DEADLINE TO FILE FIRST AMENDED COMPLAINT

It is a rare occurrence, in all probability, that a conference with opposing counsel which does not lead to any agreement or stipulation nonetheless reveals a key point. Plaintiffs Bob Rivernider and Charles Edward Lincoln approached Mr Benjamin McComas and William Heller, attorneys for the Defendant US Bank in this case, to ask him whether he would agree or stipulate to an enlargement of time to file their First Amended Complaint. Mr. McComas quite reasonably responded that the December 15, 2009, deadline was the Plaintiff's idea and suggestion and that the court has merely adopted the Plaintiff's suggestion (Exhibit A: printout of e-mail correspondence on Monday, December 14, 2009).

The Court having adopted this self-imposed deadline, however, in its order of November 18, 2009, as Defense counsel reminded Plaintiffs, the Plaintiffs now respectfully move and request that the court extend the deadline another six weeks, until Monday, February 15, 2009, for the following good cause shown:

(1) Precisely on November 18, 2009, the U.S. Department of Housing and Urban Development sent Plaintiffs Robert & Marsha Rivernider a letter indicating that

    HUD has "accepted [their] complaint of housing discrimination under the Fair Housing Act (the Act) [42 U.S.C. 3601 et seq](Attached here as Exhibit B).

(2) This letter provides only 30 days for the Palm Beach County Office of Equal Opportunity to begin processing [Robert & Marsha Rivernider's] complaint or else HUD may take up the complaint.

(3) The time frame is unclear, in that it is not obvious when Palm Beach County Office's 30 days began to run. Only three more days remain from the DATE of the letter sent by HUD, but Plaintiffs Robert and Marsha Rivernider only received the letter on November 21, 2009, six days away.

    From any realistic or legal and administrative policy standpoint, the actions to be taken or not taken by HUD and/or the Palm Beach County Office of Equal Opportunity (PBCOEO) may have a significant impact on the Amendments and claims to be made and included in Plaintiffs' First Amended Complaint in this case.

    Plaintiffs believe and submit to this Court that it is beyond question that the actions to be taken or not taken by HUD during the next 6 days may result in further actions to be taken by HUD or PBCOEO will all be apparent and complete within 60 days. One of the purposes of the investigation by PBCOEO would be an "attempt to informally resolve the complaint through conciliation." It is not entirely clear to the Plaintiffs what this involves, but it sounds like a series of communications which would be privileged and confidential under Rule 408 of the Federal Rules of Evidence, and Plaintiffs accordingly ask that the Court give them this 60 day window to try to take advantage of the administrative proceedings, without suspending or abating their case or requiring them to refile at a later date.

    Plaintiff Lincoln recently suffered a cardiac symptoms episode on Wednesday, December 9, 2009, which resulted in no lasting injury but conform to a five year history of heart trouble and Lincoln is in any event in California rather than Florida at the moment and was not available to sign this Motion for Enlargement of Time in person (scanned signature attached).

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v. U.S. Bank, N.A.,*
*Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to Dismissed filed*    2
*9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to Rule 56 MSJ*

As the court is well aware, Plaintiffs do not currently have counsel, and Plaintiffs Marsha Rivernider and Robert Rivernider are still actively involved in State Litigation parallel to the present case (in fact, the Plaintiff US BANK has recently amended their pleadings in that case, adding 1-50 John or Jane Does).

Plaintiffs submit that the Defendants are and should be just as interested in the potential resolution of this litigation through HUD PBCOEO "conciliation" as are the Plaintiffs. For this reason, there is no imaginable prejudice to the Defendants if the Court allows this 60 day informal abatement of action as a window of opportunity for administratively mediated and federally supervised settlement negotiations.

WHEREFORE, Plaintiffs pray for an enlargement of their self-imposed deadline of December 15, 2009 until February 15, 2010, to file their First Amended Complaint in this case.

Respectfully submitted,

Tuesday, December 15, 2009

By: _____
Robert H. Rivernider, Plaintiff, *in propia persona*
9246 Delemar Court, Wellington FL 33414
Telephone: (561) 315-2487

And By: _____
MARSHA G. RIVERNIDER, Plaintiff, *pro se*
9246 Delemar Court, Wellington, FL 33414

Marsha G. Rivernider, **IN PRO PER**
Robert H. Rivernider, **IN PRO PER**
9426 Delmar Court
Wellington, Florida 33414
And Charles Edward Lincoln, III
c/o Peyton Yates Freiman
603 Elmwood Place, Suite #6
Austin, Texas 78705
Or c/o Kathy Ann Garcia-Lawson
2620 Nature's Way
Palm Beach Gardens, Florida 33410
Telephone: 512-968-2500/512-923-1889
Facsimile: 561-691-1423
Plaintiffs *in propia persona, pro se*

And By: _____
Charles Edward Lincoln, III, IN PRO PER
c/o Peyton Yates Freiman
Tierra Limpia/Deo Vindice
603 Elmwood Place, Suite #6
Austin, Texas 78705

Telephone: (512) 968-2500; (512) 923-1889
E-Mail: charles.lincoln@rocketmail.com

Facsimile: 561-691-1423

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE-AND-FOREGOING PLAINTIFFS' Motion to Enlarge Self-Imposed Deadline to file First Amended Complaint was served by facsimile transmission and First Class Mail, postage prepaid, on the attorney of record for Defendant U.S. Bank, namely:

BETH A. NORROW, Esquire
Butler & Hosch, P.A.
3185 South Conway Road, Suite E
Orlando, Florida 32812
Facsimile: (407) 381=5577

BENJAMIN K. McCOMAS, Esquire
AKERMAN SNTERFITT
Las Olas Center II
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301-22229
FACSIMILE: (954) 463-2224

By: _____
Robert H. Rivernider, Plaintiff, *in propia persona*
9246 Delemar Court, Wellington FL 33414
Telephone: (561) 315-2487

*Marsha G. Rivernider, Robert H. Rivernider, Charles Edward Lincoln, III v. U.S. Bank, N.A., Combined Response to Second Order to Show Cause Filed 11-02-09 and Motion to Dismissed filed 9-24-09, with reservation of Plaintiffs' Rights to File Motion to Convert 12(b)(6) to Rule 56 MSJ*    4

# EXHIBIT A:
## Monday, December 14, 2009
## E-Mail Conference between
## Plaintiffs Robert Rivernider,
## Charles Edward Lincoln, III, and
## Benjamin K. McComas, Esq.

From:     benjamin.mccomas@akerman.com
Subject:  **RE: FED Case no. 9:09-cv-81255-WPD**
Date:     December 14, 2009 4:03:52 PM EST
To:       Charles E. Lincoln <charles.lincoln@rocketmail.com>, Bob Rivernider <bobriver@me.com>
Cc:       william.heller@akerman.com

Mr. Lincoln and Mr. Rivernider:

Thank you for the update and additional documents.

You asked the court to establish a December 15 deadline to file an amended complaint. The court granted your request, without qualification, on November 18. Nothing in the record indicates that other activities have made it difficult to meet your self-imposed December 15 deadline. As such, we do not agree to any extension.

Sincerely,
B.J. McComas

**Benjamin K. McComas, Esq.**
**AKERMAN SENTERFITT**
Las Olas Centre II
350 E. Las Olas Blvd. Suite 1600
Fort Lauderdale, FL 33301-2229
Office:  (954) 463-2700
Direct:  (954) 759-8950
Cell:    (561) 727-9534
Fax:     (954) 463-2224
**Error! Hyperlink reference not valid.**

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.
CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**From:** Charles Lincoln [mailto:charles.lincoln@rocketmail.com]
**Sent:** Monday, December 14, 2009 3:25 PM
**To:** Bob Rivernider
**Cc:** Heller, William (Sh-Ftl); McComas, Benjamin (Assoc-FTL)
**Subject:** AW: FED Case no. 9:09-cv-81255-WPD

I would personally request an enlargement of time specifically, for one month, until January 15, 2010. Among other things Bob didn't mention is that we are still trying to

decipher exactly what Judge Dimitrouleas meant by his Order of Clarification, which did not clarify much of anything to my mind and reading at all. I know that I am, and I believe that Bob and Marsha and I are all personally involved in several other cases, in addition to our regular work.

*Deo Vindice*

*"May the Lord God be with you,*
*and with thy spirit!"*
**Charles E. Lincoln, III**
  *Spiritual Patriot*
   *Tierra Limpia*
**Tel: 512.968.2500**

**Von:** Bob Rivernider <bobriver@me.com>
**An:** william.heller@akerman.com; benjamin.mccomas@akerman.com
**CC:** Charles E. Lincoln <charles.lincoln@rocketmail.com>; Peyton Freiman <freimanthird@gmail.com>
**Gesendet:** Montag, den 14. Dezember 2009, 11:52:58 Uhr
**Betreff:** FED Case no. 9:09-cv-81255-WPD

Mr. Heller and Mr. McComas,
Since their have been several changes to the case referenced above we will be requesting additional time to file the first amended complaint.

Since you have just been added to the case I would like to inform you of some recent events.

1) We had an independent company conduct an appraisal audit of the original appraisal that was the bases for the mortgage which indicated an inflated price of $150,000. The Audit has been filed in our most recent filing in this case.

2) Acceptance by HUD of a Fair Housing Discrimination complaint(approval attached).

3) Mr. Charles Lincoln was hospitalized last week with coronary troubles.

4) We currently do not have counsel.

We are interested in meeting and conferring with you and possibly combine this meeting with a HUD Conciliatory conference.

Please tell me the best time to contact you discuss this.

I will try to contact you by the end of the day if I do not hear from you.

Thank you,


Bob Rivernider
561-315-2487
bobriver@mac.com

**EXHIBIT B:**
**November 18, 2009**
**Letter from U.S. Department of Housing & Urban Development (HUD)**
**Regarding Robert & Marsha Rivernider**
**Complaint for Discrimination**
**HUD Case No. 04-10-0223-8**



U.S. Department Of Housing and Urban Development
Georgia State Office
Five Points Plaza
40 Marietta Street
Atlanta, GA 30303-2806

November 18, 2009
CERTIFIED MAIL - RRR

Mr. and Mrs. Robert Rivernider
9246 Delemar Ct.
Wellington, FL 33414

Dear Mr. and Mrs. Rivernider:

Subject: Housing Discrimination Complaint
Rivernider, Marsha & Robert v. Litton Loan Servicing, LP, et al
Inquiry No.:     289208
HUD Case No.:    04-10-0223-8

On 11/18/2009, the U.S. Department of Housing and Urban Development (HUD) accepted your complaint of housing discrimination under the Fair Housing Act (the Act) [42 U.S.C. 3601, et seq.]. Please retain the attached copy of the complaint for your records. This letter refers only to the complaint listed above. HUD will send you separate notice(s) regarding any other complaints you have filed.

HUD has referred your complaint to the Palm Beach County Office of Equal Opportunity for investigation as required by the Act [42 U.S.C. 3610(f)]. HUD has determined that the fair housing law that the Palm Beach County Office of Equal Opportunity enforces is substantially equivalent to the Act, and it has the authority to address discrimination within the area where your complaint arose. The Palm Beach County Office of Equal Opportunity, therefore, will take all further action on this complaint. Please direct any questions you may have about the processing of your complaint, or any additional information that supports it, to that agency. If the Palm Beach County Office of Equal Opportunity fails to begin processing your complaint within 30 days, HUD may take up your complaint again. Otherwise, HUD will not send you any further correspondence regarding this complaint.

During its investigation of your complaint, the Palm Beach County Office of Equal Opportunity will attempt to informally resolve the complaint through conciliation. If the parties cannot reach an agreement, the Palm Beach County Office of Equal Opportunity will complete its investigation and issue a decision on whether there was a violation of the law. If you do not agree with the final decision of the Palm Beach County Office of Equal Opportunity, you can appeal in accordance with the agency's procedures. You cannot appeal the decision to HUD.

In addition to filing your complaint with the Palm Beach County Office of Equal Opportunity, you may file a civil lawsuit in Federal district court [42 U.S.C. 3613]. You must file any civil lawsuit no later than two (2) years after the alleged discriminatory housing practice occurred or ended. The time during which the Palm Beach County Office of Equal Opportunity handles your complaint does not count towards this two-year limit.

Be aware that it is unlawful to coerce, intimidate, threaten, or interfere with a person in the exercise of their rights under the Act [42 U.S.C. 3617]. If you believe that anyone has taken such action against you because you filed a complaint, please report it to the Palm Beach County Office of Equal Opportunity.

Please keep the Palm Beach County Office of Equal Opportunity informed of your current address and contact information. If the agency cannot locate you, it cannot continue to process your complaint.

You may contact that agency at the following address.

PALM BEACH COUNTY OFFICE OF EQUAL OPPORTUNITY
215 N. OLIVE AVE., SUITE 130
WEST PALM BEACH, FL 33401
561-355-4884

Sincerely,

*[signature]*

James N. Sutton, Regional Director
Office of Fair Housing and Equal Opportunity
Region IV

Enclosures

04-10-0223-8