UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81255-CIV-DIMITROULEAS

MARSHA G. RIVERNIDER;
ROBERT H. RIVERNIDER; and
CHARLES EDWARD LINCOLN, III,

    Plaintiffs,

vs.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the C-Bass Mortgage Loan Asset-Backed
Certificates, Series 2006-CBS, and all JOHN & JANE
DOES 1-10,

    Defendants.
_____/

## ORDER DENYING NOTICE OF VOLUNTARY DISMISSAL

THIS CAUSE is before the Court upon Plaintiffs' Notice of Voluntary Dismissal Pursuant to Rule 41(a) [DE-35], filed herein on December 29, 2009. The Court has carefully considered the Notice and is otherwise fully advised in the premises.

Rule 41(a)(1)(A)(i) provides for a dismissal without order of the court "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . ." Plaintiffs request that the Court dismiss the action "subject only to the recall of Charles Edward Lincoln who will appear if required by Court Order on January 12-13, 2010, before Judge Snow so long as Orly Taitz is also compelled to appear, and subject to Lincoln's request to depose his former attorney prior to this hearing." [DE-35]. As such, Plaintiffs have placed conditions upon the dismissal of this action; however, such a conditional notice of dismissal is not within the scope of Rule 41(a)(1). See Hyde Constr. Co. V. Koehring Co., 388 F. 2d 501, 507 (10th Cir. 1968). The purpose of Rule 41(a)(1) "is to provide a means for

terminating an action automatically by filing with the clerk a notice of dismissal." Id.  That notice closes the file without need for an order of the court.  If the "conditioning of notices of dismissal is allowed, the clerk of the court will be called upon to exercise a duty more than merely ministerial.  Instead of simply closing the file of a case once the notice of dismissal is filed, the clerk will have to construe the condition and perhaps even become a fact-finder to determine when the condition is satisfied." Id.  This defeats the purpose of Rule 41(a)(1) to provide a quick, automatic means of ending an action.  Consequently, because Plaintiffs condition their Notice of Voluntary Dismissal on Plaintiffs' request that only Plaintiff Lincoln be required to appear at the hearing so long as Dr. Orly Taitz is also compelled to attend, and subject to Plaintiff Lincoln's request to conduct additional discovery, Plaintiffs' request amounts to an impermissible conditional dismissal under Rule 41(a)(1).[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Notice of Voluntary Dismissal Pursuant to Rule 41(a) [DE-35] is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 30th day of December, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1] Plaintiffs contend that the "maximum sanction" available against Plaintiffs for the alleged misconduct is dismissal of the action.  This is incorrect.  The Court notes that in the November 13, 2009 Order to Show Cause [DE-21] the Court merely indicated that "failure to timely respond will result in sanctions, up to and including, dismissal of this action."  However, in the November 17, 2009 Order Referring Filings to Magistrate Judge [DE-24] the Court did not limit Magistrate Judge Lurana S. Snow as to what sanctions could be imposed, but instead referred this issue for report and recommendation as to the appropriate sanction in light of the very serious allegation of fraud upon the court.

Copies furnished to:

Marsha G. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Robert H. Rivernider, *pro se*
9246 Delemar Court
Wellington, FL 33414

Charles Edward Lincoln, *pro se*
603 Elmwood Place, Suite 6
Austin, TX 78705

U.S. Bank National Association
c/o Lauren Ann Cascino, Esq.
Butler & Hosch, P.A.
3185 South Conway Road, Suite E
Orlando, FL 32812

Dr. Orly Taitz, Esq.
Orly Taitz Law Offices
29839 Santa Margarita Parkway
Rancho Santa Margarita, CA 92688

Magistrate Judge Snow