UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-81255-Civ-DIMITROULEAS / SNOW

| | |
|---|---|
| MARSHA G. RIVERNIDER,<br>ROBERT H. RIVERNIDER, and<br>CHARLES EDWARD LINCOLN, III,<br><br>          Plaintiffs,<br><br> vs.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br>As Trustee for the C-Bass Mortgage Loan<br>Asset-Backed Certificates, Series 2006-CBS,<br>and all John & Jane Does, 1-10,<br><br>          Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF, CHARLES EDWARD LINCOLN, III's OBJECTIONS and
REPLIES TO ORLY TAITZ'S LETTERS TO THE COURT FILED
JANUARY 19, 2010 AS DOCKET ENTRY NO. 46 AND JANUARY 20, 2010 AS
DOCKET ENTRY NO. 50; and REQUEST FOR ATTORNEY FEES**

  **COMES NOW,** Plaintiff Charles Edward Lincoln, III [hereinafter at times "Lincoln"]

by and through his undersigned counsel, Inger Garcia, Esquire and Philip J. Berg, Esquire and

files the within Objections and Replies to Orly Taitz, Esquire's [hereinafter at times "Taitz"]

Letter filed as Docket Entry Number 46 on January 19, 2010 and Orly Taitz's Letter filed as

Docket Entry Number 50 on January 20, 2010.  In support here of, avers the following:

  *  Orly Taitz, Esquire is and was represented by Counsel, Bradford Cohen, Esquire
on the dates of her Letters appearing as Docket Entry Numbers 46 and 50.  Orly
Taitz, Esquire's filings and any filings must go through her attorney, thus her
filings must be stricken as it is completely improper;

  *  Orly Taitz, Esquire is **not** licensed in the State of Florida or in the United States
District Court for the Southern District of Florida, thus her filings must be

1

> stricken as it is completely improper;

* The filing of January 20, 2010 by Orly Taitz, Esquire must be stricken as it is nothing more than conclusions of law; hearsay statements; hearsay documents immaterial, impertinent, scandalous statements and material and is completely irrelevant, impertinent and immaterial to the within action;

* Orly Taitz, Esquire filed altered and forged documents with her Letter filed with this Court January 20, 2010 and Docketed as Entry Number 50;

* Orly Taitz, Esquire failed to serve any of the parties to this Case with either of her Letters appearing on the Docket as Entry Numbers 46 and 50 and attempted Ex Parte Communications with the Judge(s);

* Orly Taitz, Esquire should Ordered to pay Attorney Fees in the Amount of Fifteen Thousand [$15,000] Dollars for the time it took Plaintiff's Counsel to prepare and submit the Objections and Replies to Orly Taitz, Esquire's improper filings; and

* For the reasons outlined herein, these matters must be turned over to the proper law enforcement agency and the U.S. Attorney for immediate investigation and prosecution.

### I.    **HISTORY OF THIS CASE:**

On November 25, 2009, Ms. Taitz's filed her Response to the Court's November 13, 2009 Order to Show Cause with her Affidavit claiming that she did not file anything with the Court after the Court's October 23, 2009 Order; that she was **not** aware of the pleadings being sent to the Court, however, fails to state what pleadings she is referring to; and a fraud had been perpetrated upon the Court. In Ms. Taitz's actual Response to the Order to Show Cause, Ms. Taitz now claims that her signature was forged, that she believed it was Charles Edward Lincoln, III, that the matter should be submitted to law enforcement and proceeds to cite cases that have absolutely **no** bearing to the within action.

On December 14, 2009, Ms. Taitz's files a request for Judicial Notice of Mr. Lincoln's Florida disbarment, which has absolutely **nothing** to do with the case herein. The only reason for Ms. Taitz's filing of said document was to prejudice the Court against Lincoln.

2

On December 21, 2009, Ms. Taitz's filed two (2) additional documents entitled "Additional Response to Order to Show Cause". In both documents, Ms. Taitz's references a Texas Court case claiming Mr. Lincoln had "forged" another attorney's name on documents. Ms. Taitz was well aware the case was dismissed and never heard on the merits. The allegations are completely unfounded. In do doing, Ms. Taitz's pulled yet another fraud upon this Court, she was well aware of the dismissal, however, failed to inform the Court and filed this information as if it had been proven. Ms. Taitz's did this simply to further prejudice this Court against Plaintiff Charles Edward Lincoln, III in retaliation for Mr. Lincoln informing this Court of their love affair.

This Court Ordered a Hearing on the Order to Show Cause why Lincoln, Mr. and Mrs. Rivernider and/or Orly Taitz, Esquire should be Sanctioned for the fraud upon the Court. The Hearing took place and concluded on January 12, 2010; however, Magistrate Snow gave Plaintiff Lincoln a week to file a Brief and supporting documentation to substantiate why Mr. Lincoln or the Rivernider's should **not** be sanctioned. During the Hearing, Orly Taitz, Esquire was represented by Bradford Cohen, Esquire, who to this date, has **not** withdrawn his Appearance or filed a Motion to be Relieved as Counsel.

Mr. Lincoln gave testimony that Orly Taitz, Esquire authorized him to sign her name to the Amended Motion to Appear *Pro Hac Vice* and for an Enlargement of time filed with this Court on October 30, 2009. Mr. Lincoln also testified that Orly Taitz, Esquire also had him sign her (Orly Taitz) name to other pleadings filed in *Liberi, et al v. Taitz, et al*, U.S. District Court, Eastern District of Pennsylvania, Case No. 09-cv-01898 ECR.

Orly Taitz, Esquire gave testimony that she had never authorized anyone to sign her name, which was completely false. Orly Taitz, Esquire's past Assistant and Webmaster, Lisa

3

Ostella, came forward and provided an Affidavit to this Court explaining that Orly Taitz, Esquire directed her (Lisa Ostella) to prepare subpoenas, sign her (Orly Taitz) name to the subpoenas and coordinate service with all the volunteers, which Lisa Ostella complied with.

Moreover, Plaintiff, Charles Edward Lincoln, III filed an Affidavit in support of his position that Orly Taitz, Esquire had him also sign pleadings in the case of *Cook v. Simitech, et al*, U.S. District Court, Southern District of Florida, Case No. 8:09-cv-01382-RAL and attached copies of the first page and signature pages of this case showing he (Mr. Lincoln) had signed Orly Taitz's name at her direction. Orly Taitz, Esquire never addressed this issue. Mr. Lincoln again stated he was directed by Orly Taitz, Esquire to sign her (Orly Taitz) name to pleadings in *Liberi, et al v. Taitz, et al*, and attached the copies of the front and signature pages which Mr. Lincoln signed.

Thereafter, on January 18, 2010, Taitz sent a Letter to this Court stating that she signed all the pleadings on August 3, 2009 in the *Liberi, et al v. Taitz, et al* case. This was after Mr. Lincoln testified that Taitz instructed him to sign her name as she was out of the Country. In support of her Letter, Taitz supplies an Affidavit that was filed in the *Liberi* case, but failed to disclose the other two (2) documents signed by Lincoln. It should also be noted this Letter was **not** served upon the parties to the case. Taitz now attempts to say that Lincoln was never authorized and never did sign any documents in the *Liberi, et al v. Taitz, et al* case on August 3, 2010. Taitz claims that she signed all the documents, however, failed to attach the documents as Exhibits. Lincoln attached all the filings from the August 3, 2009 filing to show he signed Taitz's name, as instructed, and the signatures are nothing similar. Taitz has failed to substantiate any of her claims and allegations made against Lincoln.

On January 20, 2010, Plaintiff Lincoln's Brief and supporting Affidavits were filed. After, a Motion for an Extension of One-Day was filed as Ms. Garcia's computer systems were down in her office, Mr. and Mrs. Rivernider and Defendant U.S. Bank responded that they were in agreement with Plaintiffs Request for a One-Day Extension of Time. The only party who declined was Bradford Cohen, Esquire on Taitz's behalf.

On January 20, 2010, Taitz sent another Letter to this Court, which was filed on January 21, 2010, docketed as a "Notice of Forgery" and appears on the Docket as Entry Number 50, docketed January 20, 2010. Taitz's now is going after Mr. Lincoln's witness, Lisa Ostella and making all kinds of false allegations against her. Again, this is completely improper as Taitz is represented by Counsel, Bradford Cohen, Esquire. Despite this, the filing was nothing more than for an improper purpose. The Letter does **not** address anything before the Court, instead it is filled with conclusions of law; hearsay statements; hearsay documents immaterial, impertinent, scandalous statements and material and is completely irrelevant, impertinent and immaterial to the within action. In fact, this filing contains Exhibits "A" through "E". However, Exhibit "A" are forged and altered copies of subpoenas taken from Lisa Ostella's Affidavit filed with this Court on January 20, 2010. See the Affidavit of Lisa Ostella attached hereto and incorporated in by reference as **EXHIBIT "1"**. Taitz obtained Lisa Ostella's affidavit prior to it being filed as demonstrated by the fact Taitz attached it to her filing dated January 18, 2010, docketed on January 21, 2010 (showing filed January 20, 2010) as Docket Entry No. 50, Taitz signed her letter (2) days before Mrs. Ostella's affidavit was actually filed. Thus Taitz had Lisa Ostella's exhibits prior to the filing of Mrs. Ostella's affidavit. The very exhibits filed with Taitz's letter appearing as Docket Entry No. 50 which have been changed and altered by Orly Taitz.

Taitz's Exhibit "D", the picture of the website labeled Defendourfreedoms.net is also an altered and forged document. Lisa Ostella's stopped displaying the link ad "CAN'T DONATE…RAISE MONEY!...Earn money for yourself while raising money for DOFF." This ad was removed from the website approximately April 2009, after Mrs. Ostella and Orly Taitz parted ways. The exhibit submitted by Orly Taitz has been altered as the statement is with a different font then used by Mrs. Ostella; there is an odd symbol appearing on Orly Taitz's copy which has never been used by Lisa Ostella. In fact, that symbol does not appear on a U.S. standard computer keyboard. On Orly Taitz's Exhibit "D" the picture of the woman under the black box stating "Defend our Freedoms" has been moved; other pictures have been deleted; article titles, categories and other blog site navigations have been deleted; the footers have been removed; as well as other alterations; and the article which appeared on the front page under the header "ED HALE AT PLAINS RADIO AND HIS GUEST RALPH – PAYPALGATE" has been deleted. [Jan. 25, 2010 Aff. of Lisa Ostella, p. 9, ¶ 22]. This filing as well as the rest of Orly Taitz's filing has absolutely nothing to do with the case herein and is nothing more than conclusions of law; hearsay statements; hearsay documents immaterial, impertinent, scandalous statements and material and is completely irrelevant, impertinent and immaterial to the within action. The only reason Orly Taitz, Esquire would have filed this monopoly of paper was to prejudice the Court against Mr. Lincoln and his Counsel. It appears anyone who speaks out against Taitz become accused of treason; forgery; "hacking"; theft; aiding and abetting, using numerous Social Security numbers, etc. Taitz has quite the history of even accusing President Obama, our Governmental Officials; Judges; Court Clerks; and Law enforcement of the same crimes. There is absolutely **no** relation to Taitz's filings and the case herein.

6

Orly Taitz, Esquire in her filing appearing as Docket Entry Number 50 goes into great detail regarding the Social Security number of Lisa Liberi. Orly Taitz's states that she inadvertently published Lisa Liberi's full Social Security number, however upon it being brought to her attention, she immediately redacted it. Taitz goes on further stating that the Social Security number she published was **not** in fact that of Lisa Liberi. These statements by Taitz are completely untrue, and a complete lie and fraud upon this Court by Orly Taitz. Orly Taitz, Esquire posted her writings containing Lisa Liberi's full Social Security number, mother's maiden name, date of birth, place of birth and other private information on numerous websites, by mass emailing, by mass postal mailings, on her own website, through the Internet RSS feeds and many other locations on numerous occasions. Orly Taitz, Esquire has republished Lisa Liberi's Social Security number and other private confidential information from April 2009 to this date, the latest being January 14, 2010. *See* the Affidavits of Lisa Ostella attached hereto as **EXHIBIT "1"**; Evelyn Adams attached hereto as **EXHIBIT "2"**; Matt Harris, attached hereto and incorporated in by reference as **EXHIBIT "3"**; Mark McGrew attached hereto and incorporated in by reference as **EXHIBIT "4"**; K. Strebel attached hereto and incorporated in by reference as **EXHIBIT "5"**; and Shirley Waddell attached hereto and incorporated in by reference as **EXHIBIT "6".**

Not only did Orly Taitz, Esquire file false police reports against Lisa Ostella and Lisa Liberi, Orly Taitz had Mr. Lincoln drive her around New Jersey stopping at different law enforcement agencies in attempt to have Lisa Ostella arrested. *See* the Affidavit of Charles Edward Lincoln, III attached hereto and incorporated in by reference as **EXHIBIT "7".**

For the reasons stated herein, Plaintiff Charles Edward Lincoln, III respectfully requests this Honorable Court to Strike the Letters filed by Orly Taitz, Esquire on January 19, 2010 and

7

January 20, 2010, appearing on the Docket as Entry Numbers 46 and 50 and Award Attorney Fees to Counsel herein in the amount of Fifteen Thousand [$15,000.00] Dollars.

## ARGUMENT

### II. OBJECTIONS TO THE FILING OF and THE LETTERS BY ORLY TAITZ DOCKETED AS NOTICES AND APPEARING ON THE DOCKET AS ENTRY NUMBERS 46 and 50

Orly Taitz, Esquire is represented by Bradford Cohen, Esquire, a Florida Attorney who Entered his Appearance for the Limited Appearance for the Order to Show Cause Hearing. To date, Mr. Cohen has **not** filed to be relieved in this matter. In fact, on January 20, 2010, undersigned Counsel's office emailed Mr. Cohen requesting his position on Plaintiff, Charles Edward Lincoln III's request for a One-Day continuance. Mr. Cohen stated he did not feel his client would agree to the One-Day Extension. See **EXHIBIT "8"**. Therefore, Orly Taitz, Esquire was still being represented by Mr. Cohen. Despite this on two (2) occasions, Orly Taitz, Esquire contacted this Court Ex Parte without any type of notice to the other parties of this case or their counsel. It was **not** only improper for Taitz to contact the Court directly without going through her attorney, but as a result of her failure to serve the parties in this case, her two (2) Letters filed with this Court and appearing as Docket Entry Number 46 and 50 must be Stricken.

Orly Taitz, Esquire's Letters were filed on the Court's docket as Docket Entry Numbers 46 and 50. Orly Taitz, Esquire's filed these Letters for improper purposes. In fact, Orly Taitz, Esquire's Letter docketed on January 20, 2010 as Entry Number 50 pertains to parties that have nothing to do with the case herein. Moreover, this Letter fails to address any of the issues before

8

the Court and does nothing more than falsely accuse, slander, libel, and threaten witnesses in this case: Lisa Ostella, Plaintiff Charles Edward Lincoln, III and his Counsel, Philip J. Berg, Esquire.

More importantly Orly Taitz's Letter docketed January 20, 2010 as Docket Entry Number 50 contains forged and altered documents which Taitz is attempting to lead this Court to believe are genuine, which they are **not**. See the Affidavit of Lisa Ostella attached as **EXHIBIT "1"**.

For the reasons stated herein, Plaintiff, Charles Edward Lincoln III respectfully requests this Honorable Court to Strike the Letters of Orly Taitz, Esquire appearing on this Court's Docket as Docket Entry Numbers 46 and 50.  Plaintiff also requests Orly Taitz, Esquire be Ordered to pay his Attorney Fees in the amount of Fifteen Thousand [$15,000.00] Dollars for the time and expense of preparing this Response.

### III. ORLY TAITZ FAILED TO SERVE THE PARTIES IN THIS CASE WITH HER LETTERS FILED WITH THIS COURT AND APPEARING AS DOCKET ENTRY NUMBERS 46 AND 50, THEREFORE ORLY TAITZ'S LETTERS MUST BE STRICKEN

As this Court is aware, Service of filings is mandatory.  Orly Taitz, Esquire who is represented by Counsel, Bradford Cohen, Esquire decided to file a Notice on January 19, 2010 and another Notice of Forgery on January 19, 2010.  **Not** only was it improper as it did **not** go through her counsel, who is required to file electronically, but Taitz failed to serve any of the parties associated with this Case.

Federal Rules of Civil Procedure, Rule 5(a)(1)(E) states in pertinent part:

**Rule 5. Service and Filing of Pleadings and Other Papers**

(a) Service: When Required.
(1) In General.

9

> Unless these rules provide otherwise, each of the following papers must be served on every party:

(E)   a written notice, appearance, demand, or offer of judgment, or any similar paper.

See *Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*, 308 F. Supp. 489, 495 (S.D.N.Y. 1969) (All papers must be served upon the party, must be served upon counsel).

Orly Taitz, Esquire also Failed to File a Proof of Service as required pursuant to this Court's Local Rule 5.2. Local Rule 5.2(A) states, "*Each Pleading or paper required by Federal Rules of Civil Procedure 5 to be served on other parties shall include a certificate of service…*"

Instead, what Taitz did was address an Ex Parte letter to Magistrate Judge Snow and Judge Dimitrouleas. Taitz's Letters were filed as Notices by the Clerk of the Court. It is obvious what Taitz's objective was, as the Letter filed as a "Notice of Forgery", Docket Entry No. 50, contains nothing but false allegations, conclusions of law; hearsay statements; hearsay documents immaterial, impertinent, scandalous statements and material and is completely irrelevant, impertinent and immaterial to the within action. Orly Taitz, Esquire's filing was done with the intent to prejudice this Court against Plaintiffs, which is completely improper.

For the above reasons, Orly Taitz's filing of her Letters Docketed as Notices on January 19, 2010, Docket Entry No. 46 and January 20, 2010, Docket Entry No. 50 must be Stricken and **not** considered.

### IV.   ORLY TAITZ FILED ALTERED AND FORGED DOCUMENTS IN HER LETTER TO THIS COURT DOCKETED AS A NOTICE OF FORGERY ON JANUARY 20, 2010 AS DOCKET ENTRY NO. 50

Lisa Ostella filed an Affidavit with this Court in response to Orly Taitz, Esquire's testimony that she (Taitz) never asked anyone to sign her name, which was **not** true. Lisa

Ostella explained in her Affidavit that she worked for Taitz as an Assistant and Webmaster. Lisa Ostella stated that Orly Taitz, Esquire had authorized her to prepare subpoenas, sign her (Taitz) name to the subpoenas and send them to the volunteers for service.

In response to Lisa Ostella's Affidavit, Orly Taitz, Esquire Filed a Letter with this Court which was Docketed as a "Notice of Forgery" on January 20, 2010 as Docket Entry Number 50. In Taitz's filing, she included Exhibit "A" which are "supposed" copies of subpoenas, claiming that she signed each and every document and that Lisa Ostella had lied to the Court and forged Taitz's name. In addition, a second document filed by Orly Taitz was a "supposed" picture of a website where Taitz's claimed Affiant; Lisa Ostella was diverting funds from her (Taitz). However, upon investigation it was discovered that Orly Taitz, had in fact altered the subpoenas attached to Lisa Ostella's Affidavit as Exhibit "A", filed with this Court as Exhibit "1" to the Brief of Charles Edward Lincoln, III. Lisa Ostella's Affidavit with the attached subpoenas as Exhibit "A" appears in the filing as Docket Entry No. 47.

All of Orly Taitz, Esquire's statements that she never directed Lisa Ostella to prepare the subpoenas; sign her (Taitz's) name to the subpoenas; and coordinate all service of the subpoenas are completely false. Lisa Ostella spoke to Evelyn Adams on or about January 16, 2009. Lisa explained to Evelyn Adams that she had numerous subpoenas to prepare for Orly Taitz, Esquire and Orly Taitz was screaming at her. Lisa Ostella explained to Evelyn Adams that Orly Taitz directed her (Lisa Ostella) to sign her (Orly Taitz's) name to the subpoenas and Lisa Ostella was unsure if this was legal. Evelyn Adams assured Lisa Ostella that if she was directed to sign Orly Taitz, Esquire's name, as her (Orly Taitz's) Assistant, it was legal for her to comply. See the Affidavit of Evelyn Adams attached hereto and incorporated in by reference as **EXHIBIT "2"**.

Case 9:09-cv-81255-WPD   Document 55   Entered on FLSD Docket 01/26/2010   Page 12 of 20

It appears that Orly Taitz, Esquire took Lisa Ostella's exhibits, the subpoenas, scanned them into a computer and changed the information on the subpoenas supplied by Lisa Ostella. Orly Taitz, Esquire had instructed Lisa Ostella to prepare the subpoenas for Taitz's California Case, <u>Keyes v. Bowen</u>. However, Orly Taitz, gave Lisa Ostella the wrong subpoena form and the form Orly Taitz provided had been outdated. For this reason, Lisa Ostella had to purchase a Microsoft Word template to create the proper California subpoena forms. [Jan. 25, 2010 Aff. of Lisa Ostella, p. 2 ¶¶ 3, 4]. The subpoena forms created by this purchased template also had a copyright on them from LawCA.com. [Jan. 25, 2010 Aff. of Lisa Ostella, p. 2 ¶ 5]. The subpoena forms created by this template were **not** forms you could email. Therefore, Lisa Ostella had to print the subpoenas, fax them to her computer into PDF format and fax them to the volunteers for service [Jan. 25, 2010 Aff. of Lisa Ostella, p. 3 ¶ 7]. Lisa Ostella never faxed the subpoena forms to Orly Taitz and Orly Taitz did **not** have the template to create the proper subpoena form number, SUBP-010.

After Orly Taitz, Esquire came into possession of Lisa Ostella's Affidavit with the copies of subpoenas created by Lisa Ostella attached as Exhibit "A", Orly Taitz Files the Letter with the Court, Docketed as a Notice of Forgery as Docket Entry No. 50, with the same copies of Subpoenas as filed with Lisa Ostella's Affidavit, except this time, Orly Taitz, Esquire has changed the document. Orly Taitz removed the signature that Lisa Ostella had on the original subpoenas, and replaced it with hers (Orly Taitz) and claimed that she (Orly Taitz) signed every subpoena and then sent them back to Lisa Ostella. This was untrue and impossible. If this were the case, there would be two (2) facsimile headers at the time, but there is **not**. The only fax header appearing is Lisa Ostella's when she printed her completed subpoenas, printed them and faxed them back into her computer as PDF files [Jan. 23, 2010 Aff. of Lisa Ostella, p. 6 ¶ 12].

12

The problem is, Orly Taitz, Esquire did **not** think to change the time on her altered copies of the subpoenas that she has filed with this Court as genuine.

**Orly Taitz, Esquire's Letter dated 1/18/10 docketed with this Court 1/20/2010 as Document No. 50**

**Fax Header of Dr. Taitz's Exhibit "A"**

**Subpoenas  Fax Header**

| ECF Filing Pg. # | Date | Time | From | Page |
|---|---|---|---|---|
| 11 of 54 | does not apply it does not show being faxed to Orly Taitz, however, I did send the old form, 982(a)(15.2) to her, see **EXHIBIT "5"** | | | |
| 12 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 01 |
| 13 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 13 |
| 14 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 19 |
| 15 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 18 |
| 16 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 17 |
| 17 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 16 |
| 18 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 15 |
| 19 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 14 |
| 20 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 12 |
| 21 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 11 |
| 22 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 10 |
| 23 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 09 |
| 24 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 08 |
| 25 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 07 |
| 26 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 06 |
| 27 of 54 | 1/20/2009 | **00:50** | 7328462875 | GOEXCELGLOBAL INC | Page 02 |

The above time is military time.  As you can see above, **the time never changes**, which is impossible.  Lisa Ostella resides in New Jersey which is in the Eastern Time Zone and Orly Taitz, Esquire is located in California which is the Pacific Time Zone.  There is absolutely **no** way Lisa Ostella could have faxed nineteen [19] pages to Orly Taitz in under sixty [60] seconds.

As this Court can also see, the page numbers are out of sequence, and Taitz failed to include pages 3, 4, and 5.  The reason for this is believed to be due to the fact, in Lisa Ostella's

Affidavit attached to the Plaintiffs Brief filed January 20, 2010, some of the subpoenas attached as Exhibit "A" are crooked and are **not** straight documents.

Taitz did **not** stop there.  Attached to Taitz's Letter docketed as a "Notice of Forgery" on January 20, 2010 and appearing on the docket and Entry No. 50, Taitz attached with her Exhibit "D" a copy of what is supposed to be Lisa Ostella's blog site.  However, Taitz has removed the article which was on the blog site, and changed what was located on the right hand side of Lisa Ostella's blog site. Orly Taitz was attempting to convince this Court that Lisa Ostella had diverted funds from her, knowing the information to be false [Jan. 23, 2010 Aff. of Lisa Ostella].

The legal definition of forgery is "*Forgery is the **false making or altering of a written instrument** and if covered by federal and varied state criminal statutes. A person commits the crime of forgery in the first degree **if, with intent to defraud**, he **falsely makes, completes or alters a written instrument**.*"[1] [emphasis added]

As a result, Orly Taitz, Esquire's filings appearing as Docket Entry Numbers 46 and 50 should be Stricken and Orly Taitz, Esquire should be held in Criminal Contempt of Court.  In addition, Orly Taitz, Esquire should be ordered to pay counsel herein Fifteen Thousand [$15,000.00] Dollars to cover Plaintiffs Attorney Fees incurred in being forced to respond to Orly Taitz fraudulent filings.  Moreover, this Court should send this matter to the United States Marshall's Office for full prosecution.

### V. ATTORNEY FEES MUST BE AWARDED TO PLAINTIFF, CHARLES EDWARD LINCOLN, III's ATTORNEYS

As previously stated, Orly Taitz, Esquire's filed Letters which this Court deemed as Notices on January 19, 2010 and January 20, 2010 without going through her attorney, Bradford,

---

[1] http://definitions.uslegal.com/f/forgery/

Cohen, Esquire. Moreover, Orly Taitz, Esquire forged and altered documents which she filed with this Court as genuine in her attempts to discredit a witness for the Plaintiffs, Lisa Ostella. In addition, Orly Taitz, Esquire falsified information pertaining to Plaintiff, Charles Edward Lincoln, III's witness, Lisa Ostella; his counsel, Philip J. Berg, Esquire; and his counsel's staff, Lisa Liberi. In so doing, Orly Taitz, Esquire went a stretch further and raised issues pending before the United States District Court, Eastern District of Pennsylvania, in the case of <u>Liberi, et al v. Taitz, et al</u>, Case No. 09-01898-ECR where Orly Taitz is being sued by several Plaintiffs. Orly Taitz, Esquire blatantly lied to this Court regarding Mr. Berg and his Paralegal, Lisa Liberi.

Orly Taitz's filing on November 19, 2010 and November 20, 2010 docketed as Notices as Docket entry numbers 46 and 50, did **not** pertain to the issues herein, instead it was nothing more than Orly Taitz's use of this Court to publish her "bashing", libel, slander and placing Lisa Ostella, Charles Edward Lincoln, III, Lisa Liberi and Philip J. Berg, Esquire in a false light and to punish them for asserting the facts known by them and punishment of Lisa Ostella for coming forward and testifying to facts which showed Orly Taitz, Esquire lied during her testimony on January 12, 2010 before Your Honor. In addition, Orly Taitz, Esquire was punishing Mr. Berg for representing Plaintiff, Charles Edward Lincoln, III and punishing Lisa Liberi, Mr. Berg's paralegal for protecting her rights and suing Orly Taitz.

All in all, Orly Taitz, Esquire's filings appearing on the Docket as "Notices" as Docket Entry Numbers 46 and 50 were filed for an improper purpose to further damage and prejudice the parties.

***Florida Statute. § 57.105*** Attorney's fee; sanctions for raising unsupported claims or defenses… states in pertinent part "*(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts*

15

*by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:  (a)  Was not supported by the material facts necessary to establish the claim or defense..."*

Amendment to **Fla. Stat. ch. 57.105** greatly expands the statute's potential use; it no longer applies only to an entire action as it now applies to any claim or defense. Boca Burger, Inc. v. Forum, 912 So. 2d 561 (Fla. 2005). See Connelly v. Old Bridge Vill. Co-Op. Inc., 915 So. 2d 652, 656 (Fla. 2d DCA 2005) (explaining that, although the Florida Legislature amended **§ 57.105** in 1999, the revised statute still only applies to frivolous pleadings).

As stated in Hendrix v. Evenflo Co., Inc., 2007 U.S. Dist. LEXIS 95364, 5-6 (N.D. Fla. Oct. 11, 2007)[2] "Attorney's fees are awarded under § **57.105(1), Florida Statutes**, where "the party and counsel 'knew or should have known' that any claim or defense asserted was (a) not supported by the facts or (b) not supported by an application of 'then-existing' law." Boca Burger, Inc. v. Forum, 912 So. 2d 561, 570 (Fla. 2005) (quoting **§ 57.105(1), Fla. Stat**. (2000)); Walker v. Cash Register Auto Ins. of Leon County, Inc., 946 So. 2d 66, 70 (Fla. 1st DCA 2006) ("**Section 57.105** authorizes an award of attorney's fees to be paid in equal measure by a losing party and that losing party's counsel when counsel knew or should have known that a claim or defense when initially presented or before trial was not supported by the material facts necessary to support such a claim or defense or would not be supported by the application of the

---

[2] **Section 57.105** was amended in 1999 as part of the Tort Reform Act of 1999 in an effort to reduce frivolous litigation and thereby decrease the cost imposed on the civil justice system by broadening the remedies that were previously available. *See* Ch. 99-225, § 4, Laws of Fla.; *see also* Bridgestone/Firestone, Inc. v. Herron, 828 So. 2d 414, 417 (Fla. 1st DCA 2002). Unlike its predecessor, the 1999 version of the statute no longer requires a party to show a complete absence of a justiciable issue of fact or law, but instead allows recovery of fees for any claims or defenses that are unsupported. Bridgestone, 828 So. 2d at 418; Read v. Taylor, 832 So. 2d 219, 221 (Fla. 4th DCA 2002). *See also* Vasquez v. Provincial S., Inc., 795 So. 2d 216, 218 (Fla. 4th DCA 2001) ("[T]he legislature's 1999 amendment to **section 57.105** expanded the availability of fees and costs.").

controlling law to such facts."). The purpose of *§ 57.105* is to discourage baseless claims, **not** to prevent access to Florida courts.

The Florida Courts have granted attorney fees to Plaintiffs counsel as a result of a party lying in their testimony, just as Orly Taitz, Esquire has done here. *See* <u>Torr, Inc. v. Chong</u>, 862 So. 2d 744, 745 (Fla. Dist. Ct. App. 3d Dist. 2003) (because a defendant testified untruthfully, Plaintiffs' counsel was entitled to attorney's fees as a sanction for the extra litigation time required to unearth the actual facts of the case. *See* <u>Syken v. Elkins</u>, 644 So. 2d 539, 547 (Fla. 3d DCA 1994), *approved*, <u>Elkins v. Syken</u>, 672 So. 2d 517 (Fla. 1996).)

Orly Taitz, Esquire was well aware her allegations were false, that she was defrauding this Court by filing forged and altered documents as genuine, and using this Court for improper purposes to intimidate, slander, libel and place the parties in a false light before the public.

For the above aforementioned reasons, attorney fees are proper and therefore this Court must grant Plaintiff, Charles Edward Lincoln, III's Request for Attorney Fees against Orly Taitz and/or her Attorney, Bradford Cohen, Esquire as a result of the fraud perpetrated upon this Court by Orly Taitz, Esquire.

## VI.    CONCLUSION

As pointed out herein and provided in testimony before this Court on January 12, 2010, Orly Taitz, Esquire has a history of unethical and injurious behaviors, including but **not** limited to falsifying allegations against individuals. For the reasons stated herein, Orly Taitz, Esquire's filings as referenced on the Docket as Docket Entries 46 and 50 must be Stricken; Attorney Fees must be awarded to Plaintiffs Counsel in the amount of Fifteen Thousand [$15,000.00] Dollars payable to Plaintiff's Lead Counsel, Philip J. Berg, Esquire for proper distribution and the

matters stated herein must be turned over to the United States Marshall or U.S. Attorney's for immediate investigation and prosecution.

Respectfully submitted,

Dated:  January 26, 2010

 s/ Inger Garcia
_____
Inger Garcia, Esquire
Florida Bar  No. 106917
Email: attorney@ingergarcia.com
Law Offices of Inger Garcia
P.O. Box 11933
Fort Lauderdale, Florida 33339-1933
Telephone:     (954) 894-9962
Facsimile:      (954) 446-1635

*Local Counsel for Plaintiff,*
*Charles Edward Lincoln, III*

Dated:  January 26, 2010

 s/ Philip J. Berg
_____
Philip J. Berg, Esquire
PA Identification No. 09867
Email:  philjberg@gmail.com
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Telephone:     (610) 825-3134
Facsimile:      (610) 834-7659

*Attorney admitted Pro Hac Vice for Plaintiff,*
*Charles Edward Lincoln, III*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-81255-Civ-DIMITROULEAS / SNOW

| | |
|---|---|
| MARSHA G. RIVERNIDER, ROBERT H. RIVERNIDER, and CHARLES EDWARD LINCOLN, III, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. BANK NATIONAL ASSOCIATION, As Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CBS, and all John & Jane Does, 1-10, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, Inger Garcia, Esquire, hereby certify that a copy of the foregoing was served this 26th day of January 2010 electronically upon the following:

Benjamin Kyle McComas
**Akerman Senterfitt & Eidson**
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Email:  Benjamin mccomas@akerman.com
*Counsel for Defendant*


Beth Ann Norrow
**Butler & Hosch**
3185 S. Conway Road, Suite E
Orlandlo, FL 32812
Email:  BethN@butlerandhosch.com
*Counsel for Defendant*

19

Bradford Cohen
1132 SE 3rd Ave
Fort Lauderdale, FL 33301
e-mail: lawronin@aol.com
*Counsel for Orly Taitz*

And by regular mail with postage fully prepaid upon the following:

Marsha G. Rivernider
9246 Delemar Court
Wellington, FL 33414
Plaintiff in *Pro Se*

Robert H. Rivernider
9246 Delemar Court
Wellington, FL 33414
Plaintiff in *Pro Se*

    s/ Inger Garcia
_____
Inger Garcia, Esquire
Florida Bar  No. 106917
Email: attorney@ingergarcia.com
Law Offices of Inger Garcia
P.O. Box 11933
Fort Lauderdale, Florida 33339-1933
Telephone:     (954) 894-9962
Facsimile:     (954) 446-1635

*Attorney for Plaintiff,*
Charles Edward Lincoln, III