```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

         CASE NO. 09-81255-CIV-DIMITROULEAS/SNOW
```

MARSHA G. RIVERNIDER, et al.

       Plaintiffs

vs.

U.S. BANK NATIONAL ASSOCIATION,
etc., et al.,

       Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Order Referring Filings to Magistrate Judge (DE 24) for determination of whether the imposition of sanctions is warranted. The filings referred to the undersigned were: Plaintiff's Response to Order to Show Cause and Motion to Dismiss (DE 20), Notice of Receipt of Letter from Dr. Orly Taitz (DE 19), this Court's November 13, 2009, Order to Show Cause (DE 21) and Plaintiffs' Notice of Filing Affidavits in Response to Third Order to Show Cause (DE 22).

On January 12, 2010, an evidentiary hearing was conducted on the issue of whether sanctions should be imposed. Present at that hearing were Dr. Orly Taitz, represented by counsel for purposes of the hearing; plaintiff Charles Edward Lincoln III, also represented by counsel for purposes of the hearing; plaintiffs Robert H. Rivernider and Marsha G. Rivernider appearing *pro se*; and counsel for the defendants. Before and after the hearing, Dr. Taitz and plaintiff Lincoln filed numerous additional documents,

affidavits and memoranda, primarily attacking one another's credibility.

## I. PROCEDURAL HISTORY

The instant complaint was filed on August 28, 2009, by the three plaintiffs, proceeding *pro se*. The facts set forth in the complaint pertain to a note and mortgage in the amount of $729,000.00 on real estate located in Palm Beach County, Florida, which had been executed by plaintiffs Marsha and Robert Rivernider (hereinafter "the Riverniders"). On August 3, 2009, the Circuit Court in Palm Beach County granted Summary Judgment of Foreclosure against the Riverniders and in favor of defendant U.S. Bank National Association (hereinafter "U.S. Bank"). On August 25, 2009, plaintiff Marsha Rivernider executed a warranty deed on the subject property, transferring it to plaintiff Charles Edward Lincoln III (hereinafter "Lincoln") in consideration for the sum of $10.00. The complaint seeks damages and injunctive relief.

On September 24, 2009, defendant U.S. Bank filed a Motion to Dismiss the complaint (DE 8). On October 13, 2009, after the plaintiffs' time for filing a response had elapsed, this Court issued an Order to Show Cause why the motion should not be granted. The plaintiffs were directed to show cause no later than October 23, 2009.

On October 22, 2009, Dr. Orly Taitz (hereinafter "Dr. Taitz") filed with the Court a Motion to Substitute Counsel for Pro

Se Litigants and Motion for Additional Time to Respond to Motion to Dismiss (DE 13).  Dr. Taitz stated that she is a member of the California Bar and admitted to practice before the United States Supreme Court.  She also stated that she was searching for local counsel and asked the Court to temporarily waive that requirement.  Dr. Taitz also represented to the Court that she was unfamiliar with many aspects of the case and requested additional time to respond to the Motion to Dismiss and possibly file an amended complaint.  Dr. Taitz listed all three *pro se* plaintiffs as her clients and the motion was signed by all three, as well as by Dr. Taitz.

On October 23, 2009, this Court entered an Order Denying Without Prejudice Motion to Substitute Counsel and Motion for Additional Time (DE 14).  The plaintiffs were afforded until October 30, 2009, to file a motion that complied with the requirements of S.D.Fla.L.R. 7.1.A.3, which requires the moving party to certify that he has conferred with, or made a reasonable effort to confer with, the parties affected in a good faith effort to resolve the dispute.

On October 30, 2009, a First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009, to Respond to Motion to Dismiss was filed, purportedly bearing the signature of Dr. Taitz (DE 16). The motion also was signed by all three *pro se* plaintiffs.  The motion recited

3

that Robert Rivernider had conferred with counsel for defendant U.S. Bank regarding the issue of whether Dr. Taitz should be permitted to represent the plaintiffs. The motion requested an additional 30 days to retain local counsel and to respond to the Motion to Dismiss.

On November 2, 2009, this Court entered an Order denying the First Amended Motion to Substitute Counsel. (DE 18) The Order pointed out that counsel for the plaintiffs again had failed to comply with the requirements of S.D.Fla.L.R. 7.1.A.3, in that the conversation between Mr. Rivernider and counsel for defendant U.S. Bank was ambiguous, at best, and there was no discussion about the plaintiffs' request for additional time to respond to the defendant's Motion to Dismiss. Additionally, counsel for the plaintiffs had made no attempt to comply with Rules 2 and 4 of the Special Rules Governing the Admission and Practice of Attorneys, which require a verified petition for admission and the appearance of local counsel.

Also on November 2, 2009, this Court entered a Second Order to Show Cause, requiring the plaintiffs to show cause why the Motion to Dismiss should not be granted (DE 17). The plaintiffs were given until November 12, 2009 to respond to the motion.

On November 10, 2009, the Court filed a Notice of Receipt, stating that a letter dated November 6, 2009, from Dr. Taitz had been received in chambers on November 9, 2009 (DE 19).

4

Dr. Taitz' letter, attached to the Notice, stated that although she had signed the initial motion for substitution of counsel, she had informed plaintiff Lincoln that she could not represent him because he had failed to obtain local counsel. Dr. Taitz added that she had no idea who had filed the Amended Motion to Substitute Counsel.

On November 12, 2009, the plaintiffs filed their Response to Order to Show Cause and Motion to Dismiss (DE 20). That pleading, which was signed by all three plaintiffs, stated, in pertinent part:

> The plaintiffs believed that they had obtained counsel to represent them in the present case, and that created a great deal of confusion and many problems. Dr. Orly Taitz, Esq., agreed to represent the plaintiffs as shown in Exhibit A, as of October 21, 2009. Efforts were underway and continuing to obtain local counsel. Dr. Taitz did not provide 45 days for her withdrawal as specified in the letter of understanding drafted and executed at her own direction. Dr. Taitz was apparently subject to some external threats, which caused her to withdraw (see affidavit of CEL, Exhibit B). Plaintiffs still intend to retain local counsel, but obviously, for the time being, Plaintiffs will proceed pro se/in propia persona, exactly as they initially filed this complaint 10 weeks ago.

(DE 20, at 1-2)

Exhibit A is a document entitled "Letter of Understanding Conditions of Retainer," dated October 21, 2009 and signed by the Riverniders. That document states that although Dr. Taitz would nominally be representing all plaintiffs, she actually would be representing only plaintiff Lincoln. It also states that Dr. Taitz

5

reserved the right to withdraw on 45 days written notice. The Letter was not signed by Dr. Taitz. Exhibit B is the affidavit of plaintiff Lincoln, describing events arising from his business and personal relationship with Dr. Taitz, which Lincoln believed led up to Dr. Taitz' decision to withdraw as counsel for the plaintiffs.

On November 13, 2009, this Court issued a third Order to Show Cause, directing the plaintiffs and Dr. Taitz to show cause no later than November 27, 2009, why sanctions should not be imposed for filing fraudulent documents with the Court (DE 21).

On November 16, 2009, the plaintiffs filed Plaintiffs' Notice of Filing Affidavits in Response to Judge Dimitrouleas' Third Order to Show Cause (DE 22). The affidavit of plaintiff Lincoln recites, in pertinent part:

> 5. I prepared all the documents, which Dr. Taitz signed in this case, as I have been preparing almost all (approximately 95-98%) the documents she has signed in all of her recent cases pending in Federal court in any and every state where she has appeared. I never caused any papers to be filed, in this or any other case, which she had not approved and signed or authorized to be electronically signed or submitted.
>
> 6. I was responsible for delivering all papers in this case to Robert H. Rivernider for filing. I certainly never gave him any documents, which I knew or suspected to be fraudulent in any way, shape or form.
>
> 7. I never knowingly submitted any false documents to this Court nor did I submit any documents I had any imaginable reason to believe were false. I submitted every document signed by Dr. Orly Taitz or any other

>    person only in the belief that these were
>    legitimate documents.

(DE 22, Affidavit Number 1 at 2)

Plaintiff Lincoln explained that events which occurred on and after October 12, 2009, caused Dr. Taitz to terminate her professional and personal relationship with Lincoln on November 4, 2009. Id. at 2-3. Lincoln did not state in his affidavit that he signed the First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009, to Respond to Motion to Dismiss on behalf of Dr. Taitz.

In their respective affidavits, the Riverniders averred that they had signed an agreement with Dr. Taitz to represent them on October 21, 2009, and that on October 30, 2009, they received a FEDEX from plaintiff Lincoln containing a document to be filed. In his affidavit, Robert Rivernider stated that when he received the document, Dr. Taitz had already signed it. (DE 22, Affidavit Numbers 3 and 4).

## II. EVIDENCE PRESENTED

At the hearing on January 12, 2010, Dr. Taitz testified as a court witness. She stated that she has been a doctor of dental surgery for more than twenty years and has been licensed to practice law in California for seven years. Dr. Taitz testified that the only pleading she filed in the instant case was the request to substitute as counsel that was filed on October 21, 2009. According to Dr. Taitz, she specifically informed plaintiff

Lincoln that she would not appear in this case and no more filings would be made unless he hired local counsel. Lincoln never retained local counsel and Dr. Taitz never submitted any additional pleadings. (Transcript of hearing, hereinafter "TR," at 7-8).

Dr. Taitz was shown the original document filed as the Motion to Substitute Counsel for Pro Se Litigants and Motion for Additional Time to Respond to Motion to Dismiss (DE 13), and she identified the signature on that pleading as her signature. Dr. Taitz stated that she sent that pleading to plaintiff Lincoln, to be filed with this Court. Dr. Taitz next was shown the original document filed as the First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009, to Respond to Motion to Dismiss (DE 16). She stated that the signature on that document was not hers. Dr. Taitz added that she did not find out about this pleading until she received a copy of Judge Dimitrouleas' Order denying that motion. (TR 8-10)

Dr. Taitz testified that she did not authorize anyone to sign the First Amended Motion on her behalf and did not know that anyone had done so. She had never seen the signature before and did not know who signed it, but suspected that it was plaintiff Lincoln. (TR 10-11)

On cross examination by counsel for plaintiff Lincoln, Dr. Taitz stated that she had met Lincoln in May 2009, and that he

8

had been working with her from that time until November 2009. Dr. Taitz denied instructing plaintiff Lincoln to file the Amended Motion, and added that she sent Lincoln an email in which she specifically advised him that she was not representing him in this case. (Court Exhibit 1) In that email, Dr. Taitz stated that no contract to represent him had been finalized. Dr. Taitz acknowledged that her email did not mention this case by name, but stated that there was only one case in Florida where she had requested to be admitted *pro hac vice*. Dr. Taitz testified that plaintiff Lincoln had never signed any pleadings for her in any case. (TR 11, 17-20, 27)

Charles Edward Lincoln III testified on his own behalf. He stated that he met and began working for Dr. Taitz in May 2009. When it became apparent that Dr. Taitz had more work for Lincoln than she was prepared to pay for, she agreed to represent Lincoln in certain mortgage cases in which he was involved, in exchange for Lincoln's services as a law clerk in Dr. Taitz' cases. (TR 54)

Lincoln related that Dr. Taitz had agreed to represent him and the Riverniders in the instant case. He stated that he had prepared nearly all pleadings for Dr. Taitz in her cases, and he prepared the initial Motion to Substitute Counsel for Pro Se Litigants and Motion for Additional Time to Respond to Motion to Dismiss (DE 13). Dr. Taitz correctly testified that she signed the pleading and sent it to Lincoln for filing. Lincoln, in turn, gave

9

it to Bob Rivernider with instructions to file it with the Court. (TR 59)

Lincoln testified that when the motion was denied, he discussed with Dr. Taitz the need to obtain local counsel. Although Lincoln did not specifically recall the email exchange between him and Dr. Taitz that comprises Court Exhibit 1, he did recall conversations with Dr. Taitz about the future of their professional and personal relationship during late October 2009. Lincoln stated that he repeatedly asked Dr. Taitz whether she wanted to continue with their mutual projects, and she consistently stated that she did. (TR 60)

During this same time period, Dr. Taitz came up with the terms under which she would appear as counsel in the instant case. She dictated those terms to Lincoln, who incorporated them in the document entitled "Letter of Understanding Conditions of Retainer," dated October 21, 2009 and signed by the Riverniders (DE 20, Ex. A). The Riverniders signed the letter agreement, and Dr. Taitz expressed her wish to persevere in the relationship. (TR 61)

Lincoln testified that he then prepared the First Amended Motion to Substitute Counsel for Pro Se Litigants and Motion for Enlargement of Time Until November 30, 2009 to Respond to Motion to Dismiss (DE 16). He further stated that Dr. Taitz absolutely authorized Lincoln to sign her name to the pleading and file it. Lincoln recalled that this was a busy time for Dr. Taitz, and that

he and Dr. Taitz did have an argument about whether to file the pleading. Nevertheless, Dr. Taitz ultimately she decided that since the motion was simply a request for additional time to find local counsel and an amendment to the pleading which previously had been filed, she told Lincoln to go ahead and send it in.  Lincoln added that Dr. Taitz had authorized him to sign documents on her behalf on other occasions in the past. Lincoln stated that in his experience, it is common for lawyers and even judges to have other persons sign pleadings for them.  (TR 63-65, 69)

On cross examination by counsel for Dr. Taitz, Lincoln admitted that in his Affidavit in Response to Judge Dimitrouleas' Third Order to Show Cause (DE 22, Affidavit Number 1), he did not specifically state that he signed the Amended Motion for Dr. Taitz. He pointed out that he did state that he had not filed any papers that Dr. Taitz had not approved and signed or authorized to be electronically signed and submitted.  (TR 75-76)

Dr. Taitz was given an opportunity to rebut Lincoln's testimony.[1]  She denied that she had ever authorized plaintiff Lincoln to sign anything for her in any case.  Dr. Taitz suggested that Lincoln only testified that he had signed the document after

---

[1] Plaintiff Lincoln also called as witnesses Lucas Smith and Robert Rivernider.  However, the testimony of these witnesses was not material to the issues to be resolved at the hearing and will not be discussed in this Order.  Similarly, the voluminous filings by Dr. Taitz and plaintiff Lincoln attacking one another's credibility will not be discussed or considered because any connection they may have to the issues are too tenuous and remote to be considered.

it became clear that Dr. Taitz would not withdraw her statement to the Court, and it was evident that the signature on the Amended Motion was not that of Dr. Taitz. Dr. Taitz also stated that she had received the Letter of Understanding signed by the Riverniders, but that she had explained to them that she would represent only one person: Mr. Lincoln. Dr. Taitz categorically denied that she had supplied Lincoln with the language used in the Letter of Understanding. She stated that Lincoln came up with the verbiage in response to her insistence that she would represent only Lincoln. (TR 106-110)

In response to a question posed by the Court, Dr. Taitz admitted that in the initial Motion to Substitute Counsel, she sought to appear on behalf of all three plaintiffs. She explained that this was only a motion to appear *pro hac vice*, and that she had told Lincoln that if the motion were granted, she would appear on behalf of only one person. (TR 110-12)

On cross examination by counsel for plaintiff Lincoln, Dr. Taitz stated that the provision in the Letter of Understanding providing that she could withdraw as counsel only upon giving 45 days notice only applied if the Court granted her permission to appear. (TR 114)

### III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Based on a review of the pleadings and the testimony at the evidentiary hearing, the undersigned finds that Dr. Taitz had

agreed in principle to represent plaintiff Lincoln in various legal proceedings involving real estate.  Dr. Taitz filed the initial Motion to Substitute Counsel on behalf of all three plaintiffs in the instant case.  No later than November 4, 2009, Dr. Taitz informed plaintiff Lincoln that their professional and personal relationships were at an end, and that she would not be representing him in the instant case.

The undersigned further finds that plaintiff Lincoln prepared, signed and filed the First Amended Motion to Substitute Counsel.  Instead of signing his own name "for" Dr. Taitz, Lincoln utilized an approximation of Dr. Taitz' signature.  The pleading was filed in haste in order to meet the Court's deadline, and at a time when the professional and personal relationship between Dr. Taitz and plaintiff Lincoln was in turmoil.

The undersigned finds that at the time the First Amended Motion to Substitute Counsel was filed, plaintiff Lincoln correctly or incorrectly believed he was authorized to prepare, sign and file the pleading on behalf of Dr. Taitz.  Additionally, the undersigned finds that plaintiff Lincoln did not prepare, sign and file this pleading in an attempt to perpetrate a fraud on this Court.  Finally, the undersigned finds that the Riverniders played no part in the events which resulted in the instant controversy.

This Circuit has held:

> Courts have the inherent authority to control the proceedings before them, which

> includes the authority to impose "reasonable and appropriate" sanctions. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993). A court also has the power to conduct an independent investigation to determine whether it has been the victim of a fraud. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed. 2d 27 (1991); *see also In re E.I. DuPont De Nemours & Company-Benlate Litigation*, 99 F.3d 363, 367 (11th Cir. 1996)(concluding that district court had jurisdiction to conduct an independent civil action for sanctions based upon allegations of fraud in another case).
>
> . . . To exercise its inherent power a court must find that the party acted in bad faith. *See In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).

Martin v. Automobili Lmmoborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002). *See, also* Johnson v. Cherry, 422 F.3d 540, 548-49 (7th Cir. 2005)(trial court had the inherent power to sanction attorney who falsely claimed that her signature had been forged on a court document). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, 501 U.S. at 44.

With the Supreme Court's caution in mind, the undersigned concludes that the imposition of sanctions against any of the plaintiffs is not warranted. However, the undersigned is not convinced that Dr. Taitz acted in bad faith in her communication with the Court, and there is not a sufficient basis to impose sanctions against her. The undersigned notes that if plaintiff

Lincoln had signed his own name "for" Dr. Taitz, the issue of fraud would not have arisen.

Therefore, being duly advised, it is hereby

ORDERED and ADJUDGED that no sanctions will be imposed by the Court on the plaintiffs or Dr. Taitz, and the parties and witnesses shall pay their own attorney's fees.

DONE AND ORDERED at Fort Lauderdale, Florida, this 9th day of February, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Marsha G. Rivernider, pro se (P)
Robert H. Rivernider, pro se (P)
Philip J. Berg, Esq. (P Lincoln)
Inger Garcia, Esq. (P Lincoln)
Benjamin Kyle McComas, Esq. (D)
Beth Ann Norrow, Esq. (D)
Bradford Cohen, Esq. (W- Taitz)