UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

CASE NO.: 9:09-cv-81255-WPD

MARSHA G. RIVERNIDER,
ROBERT H. RIVERNIDER,
CHARLES EDWARD LINCOLN, III,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE C-BASS
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2006-CBS,
and all JOHN & JANE DOES 1-50,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset Backed Certificates, Series 2006-CBS (**Defendant**), hereby responds to the complaint filed by Plaintiffs Marsha G. Rivernider, Robert H. Rivernider, and Charles Edward Lincoln, III (**Plaintiffs**) by denying all allegations not expressly admitted below and stating as follows:

### COMPLAINT FOR QUIET TITLE

1. Defendant admits Plaintiffs purport to bring the action as alleged, but deny Plaintiffs are entitled to any relief in this action.

2. Defendant admits, for jurisdictional purposes only, the allegations of paragraph 2.

3. Defendant admits, for jurisdictional purposes only, the allegations of paragraph 3.

4. Defendant admits for jurisdictional and venue purposes only that Defendant is a national banking association with its principal place of business in Minneapolis, Minnesota and

that it is a subsidiary of U.S. Bancorp. Defendant denies the remaining allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5 because Defendant is without sufficient knowledge to form a belief as to the truth of the allegations.

6. Defendant denies every allegation of Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 7.

8. Defendant admits, for jurisdictional purposes only, that the Court has jurisdiction over this action. Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits Plaintiffs purport to bring the action as alleged but denies that Plaintiffs are entitled to the relief requested.

10. Defendant admits Plaintiffs purport to reserve the rights as alleged but denies Plaintiffs are entitled to do so.

11. Defendant admit, for jurisdictional purposes only, that Plaintiffs purport to bring the action as alleged, but deny Plaintiffs are entitled to the relief requested.

12. Defendant denies the allegations of paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 13.

14. Defendant responds the document identified as Exhibit A to the Plaintiffs' Application for Temporary Restraining Order, and the document identified as Adjustable Rate Balloon Note and attached to the complaint as Exhibit A speak for themselves. Defendant denies the remaining allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 16.

17. Defendant admits that Plaintiffs purport to reserve the right to amend and add additional causes of action to the complaint, but denies Plaintiffs are entitled to the relief requested.

18. Defendant admits for venue purposes only that the property located at 9246 Delemar Court is located in the Southern District of Florida. Defendant denies the remaining allegations of Paragraph 18.

## BACKGROUND AND THEORY OF THE CASE

19. Defendant admits the loan was originated by Challenge Financial Investors, Corp., a Florida corporation, and that Defendant is the current holder of the note, indorsed in blank. Defendant denies the remaining allegations of Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Paragraph 26 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies those allegations of paragraph 26.

27. Defendant admits that Plaintiffs purport to seek a declaratory judgment but denies they are entitled to the relief requested.

28. Defendant denies the allegations of paragraph 28.

## SECOND CAUSE OF ACTION: RELIEF BY FORECLOSURE ACCOUNTING

56. Defendant restates its answers to paragraphs 1-28, above.  Defendant denies the remaining allegations of paragraph 56.

57. Defendant admits the allegations of paragraph 57.

58. Defendant denies every allegation of paragraph 58.

59. Defendant denies every allegation of paragraph 59.

60. Defendant denies every allegation of paragraph 60.

61. Defendant denies every allegation of paragraph 61.

62. Defendant denies every allegation of paragraph 62 and denies that Plaintiffs are entitled to the relief requested.

## COUNT 4: DECLARATORY JUDGMENT: NO VALID CONTRACT EXISTS

77. Defendant restates its answers to paragraphs 1-28 and 56-62, above.  Defendant denies the remaining allegations of paragraph 77.

78. Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 78.

79. Defendant denies every allegation of paragraph 79.

80. Paragraph 80 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 80.

81. Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

83. Paragraph 83 contains legal conclusions to which no response is required.  To the extent response is required, Defendant denies the allegations of Paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 84.

85. Defendant denies every allegation of paragraph 85.

86. Paragraph 86 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 86.

87. Paragraph 87 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 87.

88. Paragraph 88 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 88.

89. Defendant denies the allegations of paragraph 89.

90. Paragraph 90 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 90. Further answering, Defendant states that Exhibit C of the complaint speaks for itself.

91. Paragraph 91 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 91. Further answering, Defendant states that Exhibit C of the complaint speaks for itself.

92. Paragraph 92 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 92. Further answering, Defendant states that Exhibit C of the complaint speaks for itself.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies every allegation of paragraph 94.

95. Defendant admits Plaintiffs seek the relief requested but deny plaintiffs are entitled to the relief sought.

96. Defendant denies the allegations of paragraph 96.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 97.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 98.

99. Defendant denies every allegation of paragraph 99.

100. Defendant denies every allegation of paragraph 100.

101. Defendant denies every allegation of paragraph 101.

102. Defendant denies every allegation of paragraph 102.

103. Defendant denies every allegation of paragraph 103.

104. Paragraph 104 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies every allegation in paragraph 104.

105. Paragraph 105 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 105.

106. Paragraph 106 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 106.

107. Paragraph 107 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 107.

108. Paragraph 108 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 108.

109. Paragraph 109 contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 109.

110. Defendant denies every allegation of paragraph 110.

111. Defendant denies every allegation of paragraph 111 and further denies Plaintiffs are entitled to the relief requested.

112. Defendant denies every allegation of paragraph 112 and further denies Plaintiffs are entitled to the relief requested.

### COUNT 6: QUIET TITLE TO 9246 DELEMAR COURT, WELLINGTON, FLORIDA 33414

117. Defendant repeats its responses to paragraphs 1-28, 56-62, 77-112, above. Defendant denies the remaining allegations of paragraph 117.

118. Defendant admits Plaintiffs purport to bring the action as alleged, but denies Plaintiffs are entitled to any relief in this action

119. Defendant admits Plaintiffs purport to bring the action as alleged, but denies Plaintiffs are entitled to any relief in this action

120. Defendant denies the allegations of paragraph 120.

121. Defendant admits the property is located in Palm Beach County, Florida, at the address stated. Defendant denies the remaining allegations of paragraph 121.

122. Defendant admits the allegations of paragraph 122.

123. Defendant admits Plaintiffs seek the relief requested but Plaintiffs are entitled to any relief in this action.

124. Defendant denies the allegations of paragraph 124.

125. Defendant denies the allegations of paragraph 125 and further denies that Plaintiffs are entitled to the relief requested.

126. Defendant deny plaintiffs are entitled to the relief requested.

127. Defendant denies the allegations of paragraph 127 and further denies that Plaintiffs are entitled to the  relief requested.

128. Defendant denies the allegations of paragraph 128 and further denies that Plaintiffs are entitled to the relief requested.

## COUNT 7: QUIET TITLE

129. Defendant repeats its responses to paragraph 1-128.

130. Defendant denies the allegations of paragraph 130 and denies that Plaintiffs are entitled to the relief requested.

## TRIAL BY JURY

131. Defendant denies that Plaintiffs are entitled to a trial by jury and moves to strike the demand.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

### ~All Claims~

1. *Failure to State Claim*: Plaintiffs fail to state a claim for which relief can be granted.

2. *Bad Faith/Breach of Contract*: Plaintiffs acted in bad faith by, among other things, breaching the terms of the mortgage loan agreement by failing to make installment payments when due, and should not be permitted to assert statutory or common law claims against Defendant.

3. *Unclean Hands:* Plaintiffs are precluded from asserting their claims due to unclean hands for, among other reasons, the reasons stated in paragraph 2.

4. *Laches*: Plaintiffs claims are barred by the equitable defense of laches.

5. *Estoppel:* Plaintiffs are estopped from asserting the claims in the complaint for, among other reasons, the reasons stated in paragraph 2 above.

6. *Waiver and/or Release:* Plaintiffs have waived and/or released the right to bring the claims in the complaint for, among other reasons, the reasons stated in paragraph 2 above.

7. *Bona Fide Mortgagee:* Defendant is a bona fide mortgagee, having acquired the subject loan in good faith, for value, and without notice, actual or constructive, of any defect or irregularity. Further, in no way did Defendant participate in, or have any knowledge of, any alleged fraud against Plaintiffs.

8. *Default***:** Plaintiffs defaulted on the terms of the loan documents by failing to make required installment payments when due, barring the claims.

9. *Lack of Standing***:** Plaintiffs lack standing to assert their claims to the extent they were not parties to the mortgage loan transaction and/or do not hold a valid interest in the subject property.

10. *Adequate Remedy at Law:* To the extent Plaintiffs seek equitable relief, such demand is barred because Plaintiffs have an adequate remedy at law. The rights of the parties are governed by the mortgage loan documents.

11. *Assumption of Risk***:** Plaintiffs cannot recover on their claim against Defendant because they assumed the risks of purchasing the subject property and obtaining the loan.

12. *No Due Diligence***:** Plaintiffs cannot recover on their claim against Defendant because they failed to perform adequate due diligence before purchasing the subject property or obtaining the loan.

13. *Voluntary Agreement***:** Plaintiffs' claims and defenses are barred, in whole or in part, by the binding, voluntary agreement to the terms and conditions of the loan.

14. *No Oral Modification:*  To the extent Plaintiffs allege the written loan documents were modified orally or otherwise modified or created an oral agreement, any such claim is precluded by the prior written agreement between the parties.

15. *Statute of Frauds:*  To the extent Plaintiffs allege agreements or representations made to them that are not expressly contained in the loan documents or a mutually signed amendment to those documents, such agreements or representations are barred by the statute of frauds.  *See* FLA. STAT. § 687.0304(3)(a)(3) (a borrower may not raise a claim under a credit agreement unless that credit agreement is in writing); *see also* FLA. STAT. § 725.01 (any contract concerning and interest in real property or pertaining to the sale of such property must be in writing and signed).

16. *Parole Evidence Rule:*  To the extent Plaintiffs seek to introduce evidence modifying or contradicting the written loan documents, the parole evidence rule bars any evidence that seeks to modify or contradict a written document intended by the parties to be a final embodiment of their agreement.

17. *No Injury or Damages*:  Plaintiffs have not been damaged or harmed by the conduct alleged in the complaint.

18. *Failure to Mitigate Damages*:  Plaintiffs' claims are barred because, and to the extent that, Plaintiffs have failed to mitigate damages.

19. *Fault of Others/Third Party Wrongdoing*.  Even assuming Plaintiffs can state a claim or has been damaged, which Defendant denies, any such claims or damages resulted from, and were proximately caused by, the acts or omissions of persons or entities other than Defendant.  The sole and proximate cause of any alleged damages, if any, is the negligence or other wrongful conduct of third parties for whom Defendant is not liable.

20. *Jury Trial Waiver:* Plaintiffs waived the right to a jury trial in paragraph 25 of the mortgage and Defendant moves to strike Plaintiffs' jury trial demand.

21. *Standing:*  To the extent Plaintiffs allege Defendant is not the proper party to foreclose, such claim fails because Defendant is the holder of Plaintiffs' note.

22. *Compliance With Law***:**  Defendant have complied with all applicable federal or state laws, statutes or regulations and has committed no violations thereof with respect to Plaintiffs' loan.

23. *No Duty to Determine Suitability:*  Neither Defendant nor its predecessors in interest had a duty to advise Plaintiffs regarding the suitability of the mortgage loan.

24. *Reservation:*  Defendant reserves the right to assert any additional defenses based on information or knowledge obtained throughout the course of litigation.

### ~ Injunctive Relief Authorized by 42 U.S.C. §§1983, 1988(a), Florida DTPA, and Common-Law Equity ~

25. *Failure to State a Claim/No Violation -*  **42 U.S.C. §§1983, 1988(a):** Plaintiffs cannot state a claim for relief under 42 U.S.C. §§1983 and 1988 because Defendant has not committed any violation of these statutes and because Plaintiffs have not alleged Defendant engaged in any practices which would be considered a deprivation of Plaintiffs' rights, privileges or immunities secured by the Constitution and laws.  More specifically, Plaintiffs cannot, as a matter of law, assert rights under 42 U.S.C. §§1981 and 1982 or claim relief, as a matter of law, under 42 U.S.C. §§1983 and 1988 because the relief requested by Plaintiffs is outside the scope of these statutes.  Plaintiffs have failed to demonstrate that Defendant's foreclosure action deprived Plaintiffs of their statutory due process rights.

26. *Failure to State a Claim/No Violation* – **FDUTPA:** Plaintiffs cannot state a claim for relief under FDUTPA because Defendant has not committed any FDUTPA violation and because Plaintiffs have not alleged Defendant engaged in any practices which could be considered deceptive or unfair in connection with the underlying mortgage. Defendant are further entitled to any and all applicable defenses and exemptions established under FDUTPA.

27. *No FDUTPA Liability/Statutory Immunity:* Any FDUTPA claim is barred because Defendant is exempt or immune from liability by operation of § 501.212(4), Florida Statutes, which provides the statute does not apply to any person or activity regulated under laws administered by the Department of Financial Services, or banks and savings and loan associations regulated by the Office of Financial Regulation of the Financial Services Commission, or banks or savings and loan associations regulated by federal agencies. Defendant falls within the exemption, as do the activities attributed to Defendant that are alleged in the complaint, making Defendant immune from FDUTPA liability.

28. *No Willful Conduct:* Plaintiffs cannot establish a violation of FDUTPA because the conduct allegedly giving rise to a violation, even if it were true, was not willful.

29. *No Damages:* Plaintiffs cannot establish a FDUTPA violation because they have not suffered any damages.

30. *Injunctive Relief Not Available:* Injunctive relief is not available for the statutory and other claims brought by Plaintiffs.

~ **Relief by Foreclosure Accounting** ~

31. *No Fiduciary Duty or Complex Transaction:*  To the extent Plaintiffs are asserting a right to an accounting, they are not entitled to an equitable accounting because there is no fiduciary duty owed to them and they have not alleged and cannot show that the transaction was so complex as to warrant an accounting.

32. *Availability of Action in Contract:*  To the extent Plaintiffs are asserting a right to an accounting, their claims for accounting fail because the availability of an action for breach of contract precludes the equitable remedy of an accounting.

33. *No Legal Right to Accounting:* To the extent Plaintiffs are asserting a right to an accounting, their claim for accounting fails because they are not legally entitled to an accounting under the contract provisions of the mortgage or note.

~ **Unfair Debt Collection Practices & Predatory Lending** ~

34. *Not a Debt Collector:*  Plaintiffs have failed to allege facts that would establish Defendant is a debt collector under the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchapter V. §§ 1692 et. seq. (**FDCPA**).  A residential mortgage lender, holder, or servicer does not act as a debt collector under the FDCPA when it takes action to foreclose a security interest.

35. *No Debt Collection:*  Filing a foreclosure action is not an attempt to collect a debt under the FDCPA.

36. *Legitimate Debt:*  Plaintiffs' claims or defenses for violation of FDCPA are barred because any debt for which collection was attempted is a legitimate debt, due and owing.

37. ***FDCPA Statute of Limitations:*** Any claim or defense under the FDCPA is barred to the extent it exceeds the applicable one-year statute of limitation set forth in 15 U.S.C. § 1692k(d).

38. ***Failure to State a Claim*:** Defendant failed to state a claim for violation of TILA upon which relief can be granted.

39. ***TILA Statute of Limitations*:** Any claim under TILA is time-barred to the extent it exceeds the applicable one-year statute of limitation under 15 U.S.C. §§ 1635 and/or 1640(e)

40. ***No Right of Rescission:*** Plaintiffs' loan is not subject to the right of rescission because it was a "residential mortgage transaction" exempt from rescission.  *See* 15 U.S.C. § 1635(e).

41. ***No Timely Exercise of Right of Rescission*:** Assuming for purposes of this defense Plaintiffs had a right of rescission (which they did not), Plaintiffs failed to timely and properly exercise a valid right of rescission before the time to rescind expired under 15 U.S.C. § 1635.

42. ***No Extended Right of Rescission*:** Assuming for purposes of this defense Plaintiffs' loan was subject to rescission, the time to exercise any such right of rescission was not extended because Plaintiffs were provided all required disclosures under TILA.

43. ***Timely and Accurate Required Disclosures:*** Any TILA claim fails because all required disclosures were timely and accurately made in accordance with TILA.

44. ***Presumption of Delivery***. Plaintiffs' signatures on any TILA disclosure document creates a rebuttable presumption that proper disclosure was made.  Plaintiffs cannot rebut this presumption.

14

45. *Statute of Limitations:* Any claim or defense under RESPA is barred to the extent it is time-barred under 12 U.S.C. § 2614.

46. *No Private Right of Action for Alleged Disclosure Violations:* To the extent Plaintiffs' claims are based upon alleged disclosure violations, such claims are barred because RESPA does not contain a private right of action for disclosure violations.

47. *Proper Computation, Collection, and Application of Payments:* Plaintiffs cannot maintain a claim or defense under RESPA because all payments were properly computed, collected, and applied in accordance with the terms of the note and mortgage and applicable law.

48. *No Derivative Liability*: Defendant is not and cannot be derivatively liable for any alleged RESPA violations.

### ~ Declaratory Judgment: No Valid Contract Exists ~

49. *Adequate Remedy at Law:* Plaintiffs have not alleged and cannot show they do not have an adequate remedy at law.

50. *Clear and Unambiguous Contract:* The rights of the parties are governed by the clear and unambiguous note, mortgage, and other loan documents.

51. *No Breach:* Declaratory relief is unnecessary because there has been no breach of any duty or right provided under the loan documents.

*Wherefore*, having answered Plaintiffs' complaint and asserted defenses and affirmative defenses, Defendant requests the Court enter judgment in Defendant's favor and also respectfully requests the Court award them the costs and attorneys' fees incurred in this lawsuit.

Respectfully Sumitted,

s/ Kimberly Leary
William P. Heller
Florida Bar No. 987263
e-mail: william.heller@akerman.com
Kimberly A. Leary
Florida Bar No. 596051
e-mail: kimberly.leary@akerman.com
**AKERMAN SENTERFITT**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida  33301
954-759-8945(ph)/954-463-2224 (fax)

*Counsel for U.S. Bank National Association*

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on February 24, 2010, by using the CM/ECF system. I also served a true and correct copy of the foregoing by first-class mail on February 24, 2010 on all counsel or parties of record on the attached service list.

s/ Kimberly Leary
Kimberly Leary

## SERVICE LIST

**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA – PALM BEACH
CASE NO.: 9:09-cv-81255-WPD**

Marsha G. Rivernider
9246 Delemar Court
Wellington, Florida 33414
*Pro Se*

Robert H. Rivernider
9246 Delemar Court
Wellington, Florida 33414
*Pro Se*

Charles Edward Lincoln, III
603 Elmwood Place
Suite 6
Austin, TX 78705
*Pro Se*